WINDSOR,
*February,*
1832.
_____

Fletcher
*vs.*
Pratt et al.

</div>

―――――❦――――

## STILLMAN, WELLS & CO. *vs.* TRUMAN BARNEY.

<div style="text-align:right">

CHITTENDEN,
*January,*
1831.

</div>

A defendant, in a suit upon a prison bond, is not, by the recital in such bond of the rendition of a judgement, and the issuing of execution, &c., estopped from pleading *nul tiel record* of such judgement.

This was a suit on a jail bond, assigned by the sheriff to the plaintiffs, who were the creditors of said defendant. The bond was in the form prescribed by the statute, and the writ was in the usual form of writs upon such bonds, so assigned. *Barney* was the original debtor, and his bail, the other signers of the bond, were not found by the officer serving the writ. The defendant pleaded, that there was no record of any such judgement remaining, &c. To this plea the plaintiffs replied, that the defendant ought not to be admitted to plead this plea, because the judgement was recited in the prison bond, and his signing and sealing the bond was an acknowledgement of the judgement. To this replication there was a demurrer. The action was brought by appeal from the county court: and the question now litigated was, whether the plaintiff's replication was good and effectual to estop the defendant from pleading *nul tiel record*, of the judgement, described in the prison bond.

*Mr. Adams, in support of the demurrer.*—The recital in the bond is,—" Whereas *Truman Barney*, now a prisoner by virtue of an

CHITTENDEN,
January,
1832.

Stillman et al.
vs.
Barney.

"execution issued on a judgement, recovered before the county court, holden at Burlington, within and for the county of Chittenden, on the last Monday of March, 1826." The defendant contends, that this is not such an admission, as amounts to an estoppel. The general doctrine of the books is, that an admission under seal binds the party. This we need not deny, but we do deny its application to cases like this. It does not follow that every fact, which is alluded to, is, therefore, admitted. A recital in a bond may, or may not, be binding, according to circumstances. If the attention of the party is called to that particular point, and it is apparent that he intended to admit it, that will be binding, but otherwise, not. The cases of *Rainsford* vs. *Smith*, 2 *Dyer*, 196, and *Shelly* vs. *Wright*, *Willes*, 9, and *Willoughby* vs. *Brook*, *Cro. Eliz.* 756, are in point, to show what sort of an admission is binding. But a naked recital in the condition of a bond is not an estoppel. In *Co. Lit.* 352–6, it is said, "Every " estoppel ought to be a precise affirmation of that which maketh " the estoppel. Neither doth a recital conclude, because it is no " direct affirmation." In a note to the case in *Dyer*, it was said, that a recital is no estoppel. So in *Skipwith* vs. *Green*, 1 *Stra.* 610, the court decided, that the recital in a lease was not binding. To the same point is *Freeland* vs. *Burt*, 1 *T. Rep.* 701. In *Fairtitle* vs. *Gilbert*, 2 *T. Rep.* 169, the court admitted the party to contend against his own mortgage, and deny his power to convey. So in *Hayne* vs. *Maltby*, 3 *T. Rep.* 438, the court decided that the party was not estopped by his covenant. From the nature of the transaction, it is evident, that the attention of the party was not called to the particular language of the bond. No one ever reads a jail bond. If not taken according to law, it is not binding. In this respect, there is a manifest difference between a private bond and an official bond. The language of the condition is rather the language of the obligee. The bond would have been good, if the condition had been written on the back, or subsequent to the signing. In either case, it is evident that no recital could be binding upon the party by estoppel.

But the most important consideration arises from the perilous situation in which parties must be placed, if this doctrine of estoppel is established. If an execution issue upon a false judgement, it is difficult to perceive that any remedy exists. A *habeas corpus* could not be granted. A writ of error would not lie. If the money is paid, the party is bound by the payment, and, for aught that appears, the party would be compelled to lie in jail, and

CHITTENDEN,
*January*,
1831.

Stillman et al.
*vs.*
Barney.

bring his action for false imprisonment. There is no necessity of extending the doctrine of estoppels to jail bonds, because, if there is such a judgement, it is matter of record, and can readily be proved. So general is the practice of signing bonds without examination, that, if the party is estopped, he will be liable to great abuse arising from the mistakes and fraud of jailors. The doctrine of estoppels has no application to matters of record.—*Fairtitle* vs. *Gilbert, ante.* It relates rather to such matters as are exclusively without the knowledge of the parties. It is not necessary that the suit should be upon the bond in order to make an estoppel. If estopped at all, the party must be estopped from denying the fact, whenever that fact is drawn in question. If the party could not plead *nul til record*, neither could he plead specially, that, after judgement and execution and bond, a new trial had been granted, or writ of error brought, and judgment reversed. No one can be allowed to do that circuitously, which he could not do directly.

*The plaintiff's counsel contended*, that the defendant was estopped, by the recital of the judgement in the bond, to deny the existence of that judgement, on which the bond was founded; and they cited 1 *Chit. Plead.* 575; 6 *Term Rep.* 62; 1 *Saund.* 325, *n.* 4.

THOMPSON, J., *pronounced the opinion of the Court.*—The only question in this case is, whether the defendant, by the recital in the bond, has admitted the record of the judgement contained in such recital. The form, or mode of recital, adopted in the bond, commencing with a "whereas," &c., is, probably, as binding upon the defendant, as any other mode of recital. It was unquestionably necessary for the plaintiff to set out the condition of the bond; because it is an official bond, and one which the sheriff would wish to assign to the creditors, pursuant to the statute, and save himself from a suit for the escape; and it would answer him no such purpose, nor be assignable at all at law, unless taken conformably to the requisitions of the statute: and the statute has given a form, which has been followed in the present case, and which requires the recital of the judgement, execution, commitment fees, &c. It was equally necessary to allege, by direct averment, the recovery of the judgement, in order to show the imprisonment legal. It would seem to involve an absurdity, that the plaintiff should be obliged to aver a material fact, as a substantive ground

<div style="margin-left:auto">CHITTENDEN,<br>January,<br>1831.<br>——<br>Stillman et al.<br>vs.<br>Barney.</div>

of recovery, which the defendant is not at liberty to deny. The Court are not prepared to say, that any form of recital, directed by the statute in such a case, would amount to an admission of the record, so as to estop the defendant from putting the plaintiff upon proof of the record. The adoption of such a doctrine might often operate with great severity upon prisoners. The statute has prescribed the form of the condition of these prison bonds; and the prisoner, whether legally or illegally imprisoned, must either execute such a bond, or seek relief in some more expenssive, or inconvenient mode. Suppose the execution has issued for a wrong sum in damages and cost; and another issues for the true sum. How is the debtor to avoid either? If he obtains the liberties of the prison by giving a bond in each case, that would acknowledge each to be correct, upon this principle. Again, suppose the judgement to have been rendered by a court having no jurisdiction. In such a case, a person imprisoned upon the execution, which has no judgement to support it, is unlawfully imprisoned, and is in duress. And if in such a case, he cannot, for the purpose of extricating himself, adopt a remedy, which the statute has prescribed, without acknowledging the validity of the claim, it would seem that the law has furnished a summary method of purging the unlawfulness of false imprisonment. Besides, the bond as clearly admits the official authority of the sheriff, as the existence and validity of the record; and cannot his authority be denied? But the Court do not consider the recital as amounting in *fact* to an admission of the record. It is to be regarded merely as a description of the execution; as an acknowledgement, merely, that the debtor is in prison upon an execution of such a description, and purporting to have issued upon a judgement rendered at such a time, and before such a court, &c. If the defendant chooses to place his whole defence on the ground of there being no judgement to warrant the execution and the imprisonment, this imposes no hardship upon the plaintiff. If there is such a record, he can easily produce a transcript of it. If there is no such record, he ought to fail in his suit. Let judgement be entered, that the replication is insufficient.

Upon a suggestion, that different pleadings, would show merits in the action, the plaintiff had leave to withdraw his replication and reply anew, on payment of costs, &c.

*Bailey & Marsh*, for plaintiffs.

*C. Adams & Leavenworth*, for defendant.