CHITTENDEN *December,* 1831.

MINER B. SHERWIN and PHILANDER VAUGHAN *vs.* MOSES BLISS.

A declaration on a jail bond is bad, if it shows that the judgement, upon which execu_ tion issued, was not correctly described in the bond.

If defendants plead performance, and conclude with a verification, the plaintiff ought either to demur or reply over. Merely adding the *similiter* is not regular.

It is erroneous for the county court to decide on a matter of fact, without an issue properly joined, showing an agreement of parties to have the issue tried by the court.

This was a *writ of error,* brought to reverse a judgement rendered in a suit upon a prison bond. *Bliss,* the defendant in error, was sheriff of said county, and took the bond in question, and brought the suit in his own name, or suffered the creditor so to bring it, without any assignment of the bond. On inspection of the record, it appeared that said *Miner B. Sherwin* was committed to prison, upon an execution in favor of Orson H. Saxton and Horace Sherwin, and said Vaughan was his bail. The declaration described a regular judgement of the county court, rendered at the adjourned term, on the 22d of June, 1829 ; the taking out execution and commitment of defendant *Sherwin,* and the taking of the bond in question. All appeared regular till the bond appears fully -described ; it then proceeded as follows : " which said bond describes and sets forth, that the term of said county court, at which said judgement was rendered, was holden on the first Monday in June, 1829 ; whereas it ought to have been set forth, as the fact is, that said term of said county court was holden on the 22d day of June, 1829." The defendants prayed oyer of the consideration of said bond, and it was spread upon the record ; and the same variance *there* appeared. The defendants then pleaded two pleas : 1st, *nul tiel record* ; 2d, a plea of performance, concluding with a verification. To both these pleas the plaintiff replied, by adding the *similiter* merely. The record further showed that, after one or two continuances, the court rendered judgement for the plaintiff, that there was such a record, and that the plaintiff ought not to be barred. To reverse which judge-

ment, the present writ of error was brought. *In nullo est erra-* <span style="float:right">CHITTENDEN<br>*December,*<br>1831.</span>
*tum,* was pleaded.

<span style="float:right">Sherwin et al.<br>*vs.*<br>Bliss</span>

*Marsh and Hill, for plaintiffs in error.*—The first issue should have been found for the defendants below. It is a general rule, that courts and juries cannot find contrary to the record admission of the parties. The plaintiff below admits by his declaration, that no such judgement ever was rendered as described in his bond. The jury, (6 *Comyn,* 288,) may find by their verdict all things given in evidence material to the issue, if it be not contrary to the record or the admission of the parties. What judgement did the first plea put in issue ? It was the judgement recited and set forth in the bond. It was necessary there should be a judgement to support the bond. But the plaintiff below says in his declaration, I have no such judgement, the bond is mistaken; and the record he offered in evidence supported not the judgement set forth in the bond, but the parol judgement set forth in his writ. This averment of the plaintiff, that his bond describes a wrong judgement, is material, and he cannot avoid the effect of it. But if by any rule of law it could be rejected as impertinent, or immaterial, under the pleadings in the present case, it is otherwise made to appear to the Court that the judgement described in the bond is wrong—that there is no such judgement to support the bond.

It will be seen that the second plea prays oyer of the bond and the condition. Where an instrument is brought upon the record by oyer being craved by the defendant, it becomes, not a part of the plea, but of the plaintiff's declaration.—*United States* vs. *Sawyer,* 1 *Gallison,* 86 ; *Hughs* vs. *Mower,* 2 *Pet. Con. Rep.* 71, *note.* When by the oyer of the bond and the condition, the condition came upon the record, and made a part of the plaintiff's declaration, it then judicially appeared to the court, that the condition of the bond did not truly recite the judgement and the execution upon which *Sherwin* had been committed. The bond set forth one judgement, and the declaration a different one ; and what judgement did the court find to have been rendered ? the one in the bond or the one in the declaration ?

But it is likewise a rule of law, when it appears to the court that the plaintiff has no cause of action, he cannot have judgement, though defendant's pleadings are insufficient. The instrument here declared upon is an official bond. The statute has prescribed the cases where, and the forms according to which, these instruments may be taken, and unless there is a compliance

13

with these requisites, the bond is of no validity. The condition of the bond must truly set forth the court, time, &c.; (vide Statute,) and a single bond, or one without a condition, or a different condition from what the law prescribes, would be of no validity. If in the present case the defendant had prayed oyer of the condition, and the condition had contained any thing not warranted by the statute, no matter what the defendant might plead, the court would not render judgement for the plaintiff. By the plaintiff's own declaration, as well as by the defendants' pleas, it appeared in this case the sheriff, when he took the bond, did not insert the condition the law pointed out. He did not insert the true time when the court was held. A title or right defectively stated may be cured by verdict; but a defective title never can be. It is bad on demurrer, motion in arrest, or writ of error. This is a case of *defective title.* When he alleges that his bond recites a wrong judgement, he shows his bond to be void and himself out of court.

On the second plea the judgement should have been for the defendant, if any judgement should have been rendered. That plea, after oyer, states a general performance, concluding with a verification, and offers no issue. The facts set up are a sufficient answer to the declaration, and they are not traversed or denied by the replication, but, on the contrary, they are confessed and not avoided. We offer to verify our plea; the plaintiff says he will help us; but the court find against the joint admissions of both parties. No issue of any description is formed under this plea. The replication does not deny the plea or affirm the declaration.

The plaintiff could not have offered an issue without traversing the facts set up in the plea. It cannot be said, even in the case where the breaches are assigned in the declaration, and the defendant, after oyer, pleads performance, &c., concluding with a verification, the parties are at issue. There is no affirmation on one side and negative on the other. If the defendant pleads that A is living, and the plaintiff that A is dead, without a traverse that A is alive, the issue is bad after verdict.—(*Sav.* 86.) All the authorities concur in the position that issue cannot be joined on a plea of general performance; and wherever it is pleaded the plaintiff in his replication must reassign breaches, or support his declaration, and traverse the plea, concluding his replication with a verification; and this although the defendant cannot answer the breaches by his rejoinder, as that would be a departure.—1 *Saun.* 103; *Willes,* 12; *Cowp.* 575.

CHITTENDEN,
*December,*
1831.

Sherwin et al.
*vs.*
Bliss

*Leavenworth, for defendant in error.*—1. The plea of *nul tiel record* is not a proper plea in an action of debt on jail bond, for this reason, the question whether there is a variance between the bond and the declaration, is not raised in this Court. We cite 1 *Chit. Pl.* 479, 481 ; 5 *Dane,* 422.

2. The second plea is, that the bond was not broken : issue was joined upon this plea, and the fact proved in the Court below that it was broken, and no question is presented by this plea in this Court.

3. We also contend there is no variance between the record shown in evidence and the declaration.

*The opinion of the Court was pronounced by*

HUTCHINSON, C. J.—The defendant's first plea, of *nul tiel record,* refers to the record of the judgement described in the declaration as the foundation for the execution on which the debtor was committed to prison. That judgement appears correctly described, and was probably proved by the record produced. But there is no question properly before this Court, arising upon that plea. The defendant's plea of performance concludes with a verification. This would be right or wrong according to the nature of the plea. If it were nothing but a general plea of performance, or one alleged in terms not contradicting the specific allegations of the breach in the declaration, or brought new matter into controversy, it was correct. If it consisted in nothing but an averment of performance of all things specifically alleged, in the declaration, not to have been performed, it ought to have concluded to the country. Had this plea concluded to the country, adding the *similiter* alone would have been necessary. As this plea is, the plaintiff ought either to have demurred specially, because the plea concluded with a verification, or else to have replied over, praying an enquiry by the country. The merely adding the *similiter* by the plaintiff amounts to nothing. It closes no issue at all. And the plea of performance stands as if unanswered wholly. Moreover, the county court rendered judgement upon this second plea, without any issue of law or fact being joined to the court. And they could not decide an issue of fact unless by the agreement of parties. The regular joining an issue of fact to the court, would be sufficient evidence of such agreement of the parties : but here is nothing of that kind, and nothing which authorized the court to render judgement upon the plea in bar.

We are not disposed, however, to occupy much time in criti-

CHITTENDEN
December,
1831.

Sherwin et al.
vs.
Bliss.

cising upon these irregularities, which might be rectified, on terms, after a reversal of the judgement, while proceeding to render such a judgement as the county court ought to have rendered ; and pass to consider the declaration, which we consider incapable of support. It would have been bad, even if the judgement had been rendered by default. The prison bond, though taken to the sheriff, is taken for the benefit of the creditor ; and can be binding upon the signers, only, when the imprisonment is legal. Not that the plaintiff, in a suit upon such a bond, must prove a lawful imprisonment, in the first instance. The bond, reciting that which shows a lawful imprisonment, is sufficient *prima faeie* evidence to entitle the plaintiff to recover. But yet the defendants are not bound by this. They may show the imprisonment illegal, either from the beginning, by showing that there was no judgement to warrant the execution, or that the imprisonment, at first legal, has become otherwise, by reversal of the judgement, or by a payment and discharge. In the present case, the declaration shows, that the bond is founded upon an execution, issued upon a judgement of the same court, for the same sums as the judgement first described in the declaration, but rendered at a court holden on the first Monday of June, 1829 : when the first described judgement was rendered at the term holden on the 22d day of June, in the same year. That is, the judgement was rendered the 22d day of June ; the execution issued upon a judgement rendered the first Monday of June. This variance is as fatal, as a variance in the sums, or parties, or any other particular whatever.

The judgement of this Court is, that the county court erred in the rendition of judgement in said original action ; that the declaration of the original plaintiff, now defendant in error, is wholly insufficient. In the allowance of costs we follow the printed rule of this Court, with regard to the taxation of costs upon writs of error. The plaintiffs in error must recover their cost in the prosecution of this writ of error, but no cost in the original suit, because the point on which we now decide was not raised and insisted upon by the plaintiffs in error, in their defence to the original suit.