ROSWELL BARBER *v*. TOWN of BENSON.

Rutland,
January,
1837.

An action against a town for the neglect of the constable, in not levying, collecting, and returning an execution, cannot be sustained by proof of his having actually collected the execution, but neglected to pay the money to the creditor.

No such action can be sustained against the officer, or the town, if it appear that there was, in fact, no such judgment, as that described in the execution.

This was an action against the town of Benson, for the neglect of its constable, in his official duty. The declaration alleged, that the plaintiff recovered a judgment, before a justice, on the 13th day of June, 1834, and on the 14th took out execution thereon, of that date, and delivered it to the constable, to levy, collect, and return, but that he wholly neglected either to levy, collect, or return the same, and it remains wholly unpaid to the plaintiff. Plea, the general issue. On the trial, the plaintiff offered evidence, tending to prove, that the constable actually collected the money on the execution. This was objected to by the defendant, and was rejected by the court. It appeared that the judgment was rendered on the 13th day of June, but in the execution, by a clerical error, it was recited as a judgment, rendered on the 14th day of June. Whereupon, the court decided that the plaintiff could not recover, and judgment was rendered for the defendant. To which decision the plaintiff excepted, and the cause passed to the Supreme Court.

*P. Smith, for plaintiff.*

Although the constable might not have been liable to the plaintiff, for not collecting an execution, which mis-described or mis-recited the judgment, on which it issued, yet, if he collected the execution, he must be deemed to have done so in virtue of his office, and to have held the money of the plaintiff in that character.

If so, the statute, in terms, makes the town liable for his neglect to pay it over, on demand, to the plaintiff. Stat. 420.

The constable, after collecting the money on the execution, could not be compelled to repay it to the execution debtor, as his execution would justify him without showing the judgment. 3 Lev. 84, 85. Watson on sheriffs, cited in 2 Saunders, Pl. & Ev. 792.

But the plaintiff further insists, that the town would be liable for the neglect of the constable to collect the execution, because it was not his province to inspect the record of the judg-

ment, or decide upon the effect of the irregularity mentioned in this case.

*J. Kellogg, for the defendant.*

1. The evidence, offered by the plaintiff, was properly rejected by the court; no evidence having been offered by the plaintiff of the existence of such a judgment, as that recited in the execution, which had been placed in the hands of the constable for collection.

2. If the judgment recited in an execution, as the judgment on which it issued, purport to have been rendered at one term, or on a particular day, and the record produced to support said execution, be a judgment entered up at another term, or on a different day, such execution is irregular, and all the proceedings, had under it, are void. *Rider* v. *Alexander*, 1 D. Chip. Rep. 267. *Cutler* v. *Wadsworth*, 7 Conn. Rep. 6. Espinasse's N. P. 744.

To render a constable liable to an execution creditor, for not collecting and paying over the amount of an execution, it must appear that the execution has a judgment to support it. If the execution be irregular, the officer, to whom it was delivered, cannot be made liable for not executing it, and, consequently, the town, appointing such constable, cannot be held liable for such neglect of their constable.

4. The allegation in plaintiff's declaration is for the neglect of the constable, in not collecting and paying over the execution, and not that the defendant had collected the money, and refused to pay it over.

5. If the constable had collected the money on a void execution, he was under no obligation to pay it to the plaintiff, but was liable to pay it back to the person, of whom he collected it.

The opinion of the court was delivered by

COLLAMER, J.—This action cannot be sustained against the town, unless an action could be sustained against the constable, for the same official act or neglect alleged. The plaintiff claims to recover the damages he has suffered from the constable having neglected to levy, collect and return a certain execution. The court below correctly declined receiving from the plaintiff testimony, tending, not to support, but to falsify his declaration, showing that the constable did actually levy and collect the execution, but was guilty of another neglect, not declared on.

It appeared on the trial, that the execution, delivered to the

Rutland,
January,
1837.

Barber
v.
Town of
Benson.

constable, described a judgment rendered on the 14th day of June, 1834, when, in fact, no judgment was rendered on that day. A judgment of June 13th no more sustains or justifies the execution, than a judgment of another year, or sum; as the creditor might immediately, or at any time, take out and enforce a correct execution on that. This cause is, then, to be treated in the same manner, as if this execution had issued without a judgment.

In an action against an officer, and, of course, in an action against the town, for his neglect, the plaintiff must allege and prove the judgment, and the issuing of the execution upon that judgment. The execution is no evidence of the judgment, except between the parties thereto, and, of course, is not conclusive, when produced. This was settled in *Ackworth* v. *Kemp*, Doug. 40. In this case, the plaintiff was bound to prove both these allegations, and the defendant was at liberty to disprove either of them. As they were not true, the plaintiff could not recover.

This was an execution issuing from an officer, having competent authority and jurisdiction to issue such precepts, and, being good on the face of it, would have been sufficient to justify the officer in executing it, but it would have been trespass in the plaintiff. It was an execution without a judgment, and would have been no justification to the plaintiff. The question, then, is this; as this precept would have protected the officer, was he *bound* to execute it?

Had the debtor been committed to jail, and a jail bond been taken, it could not have been enforced. *Sherwin & Vaughan*, v. *Bliss*, 4 Vt. Rep. 96. *Stillman, Wells & Co.* v. *Barney*, 4 Vt. Rep. 187.

Had the property of the debtor been taken in execution, it would have been trespass in the plaintiff. The plaintiff ought not to *complain* that the officer *neglected* to render the plaintiff a trespasser, nor can he say he has been injured by such *neglect*. This same question was decided in this court in *Hill* v. *Wait*, 5 Vt. Rep. 124.

Judgment Affirmed.