CHARLES WILSON AND DAVID F. WILSON *v.* ROBERT J. FLEMING.

An execution, which mis-describes the judgment as to sums, is void, and may be set aside by writ of *audita querela.*

A trustee, against whom, upon the judgment rendered on the trustee process, a void execution has issued, may sustain a writ of *audita querela* to set aside such execution.

AUDITA QUERELA. The plaintiffs alleged in their writ, that the defendant sued out a trustee process against one Winchester as principal debtor, declaring on a note due from Winchester to him, and summoned therein the plaintiffs, as trustees of said Winchester, that such proceedings were had that the justice, before whom said trustee process was made returnable, rendered judgment thereon in favor of the defendant against the plaintiffs, as trustees, for the sum of $23.15 damages, and $3.45 costs; and that the defendant had taken out an execution thereon, running directly against the plaintiffs, without naming them as trustees, and describing the judgment as rendered for $23.82 damages, and $3.45 costs; and that said execution had been levied upon their property; and they prayed that said execution might be vacated.

Upon the entry of the case in the county court the defendant filed a motion to dismiss the same, assigning, as cause, that, by law, a trustee had no right to sue out an *audita querela*,—that that right is, by statute, given to the parties, alone, to a case,—and that

a trustee is not a *party* to the suit, within the meaning of the stat-
ute. This motion the court overruled; to which the defendant ex-
cepted.

The defendant then pleaded the general issue, and insisted, on
trial, that the allegations in the plaintiffs' writ, if proved, were not
sufficient to entitle them to recover; but the court, finding the alle-
gations proved, rendered judgment for the plaintiffs; to which the
defendant also excepted.

*J. A. Fletcher* for defendant.

In overruling the motion to dismiss, the court below erred. The
law requires that the parties to an *audita querela* should be the
same persons who were parties to the former proceedings, or suit,
out of which grew the judgment, or execution, sought to be vacated
by such *audita querela;* and the plaintiffs in this *audita querela*
were neither plaintiffs nor defendants in the former suit, nor were
they in any manner by law recognized as parties to the suit. Rev.
St. 222, § 6; 177, § 1. 1 Aik. 321. 3 Bl. Com. 405. 2 Peters-
dorf's Abr. 730. 1 Vt. 496. 12 Vt. 59. 5 Vt. 194, 195, 199.
Rev. St. 196, § 57. 13 Vt. 122. 14 Vt. 331.

Upon the trial in the county court, upon the merits, the court
erred in ruling that an execution for $23.82 damages, on a judg-
ment for $23.15 damages, could be vacated by *audita querela.*
The error in the execution, if any, was the error, or act, of the jus-
tice issuing the execution, over which the party had no control,
and therefore can only be remedied upon motion. 3 Vt. 324. 1
Vt. 437. 1 Aik. 366. 10 Vt. 90.

*J. Cooper* for plaintiffs.

1. This is a direct execution against these defendants, as prin-
cipal debtors; such an execution is no where provided for by law.
The 44th section, page 195, of the Revised Statutes, provides for
an execution against the trustee in one case, which is the only case
where execution could issue against the trustee. A construction of
this statute would not seem, even in the case provided for, to justify
such an execution as the one issued in this case.

2. The execution issued as on a judgment wherein R. J. Flem-
ing is plaintiff and Charles Wilson and David F. Wilson defend-

ants, for $23,82 damages and $3,45 costs. Now what is there to show that this execution issued on the judgment *Fleming* v. *Winchester*, and the Wilsons trustees? The execution does not follow the record in the parties,—neither is it for the same sum in damages. The writ of *audita querela* is the proper remedy, to redress a wrongful act of the party in obtaining an improper execution. *Little* v. *Cook*, 1 Aik. 366. *Phelps* v. *Slade*, 13 Vt. 195. The only question, then, is, whether a party can take out an execution, not agreeable to the record in the parties, and for a larger sum in damages than the verdict. The jury are the only tribunal to assess damages, and, when the damages in the execution exceed those found by the verdict, the execution is void.

The opinion of the court was delivered by

REDFIELD, J. We have no doubt that a trustee is so far a party to a judgment, rendered in that form of process, that, if a void execution issue against him, he may be relieved by *audita querela*. For some purposes the word "party," in such actions, only includes the plaintiff and principal defendant; for others, it would, no doubt, include the trustee. It would involve the very last degree of absurdity, to suppose that any court could issue an execution, without any judgment whatever upon which to found it, and leave the party wholly remediless, by simply describing him as a trustee. It is enough, for the purposes of this redress, that the plaintiff in the *audita querela* is a *party to the execution*, against which he seeks redress.

There is one defect in the execution, as appears on the face of the papers, which has always been considered sufficient ground for avoiding it. It mis-describes the judgment, in regard to the sums. This has long been held sufficient to avoid a jail bond, even, after commitment. *Sherwin* v. *Bliss*, 4 Vt. 96. When the judgment is thus mis-described, it is the same as if there was no judgment, upon which the subsequent proceedings rested; for in fact there is no *such* judgment *as is recited*.

It is very questionable, in my mind, whether the English practice of settling right, on motion, these mistakes of the clerks, without putting the parties to the expense of bringing writs of *audita querela*, and without avoiding the subsequent proceedings, would not

have been by far the better practice.    It is not a little singular, that, while these immaterial variances are regarded of so slight importance in Westminster Hall, in our own republican simplicity and straight-forwardness the courts are constantly perplexed in awarding bills of costs,—not debts, nor damages,—upon some frivolous variance, which no man but a lawyer could comprehend.    But it is doubtless safer to err on that side than on the other.    See *Stanford* v. *Robinson,* 42 E. C. L. 217.

Judgment affirmed.