CHESTER CLARK *v.* HARVEY LATHROP, HYDE CABOT AND ELIHU HYDE.

*Pleading. Constable. Extent.*

A plea jointly pleaded by several, for one of whom it is good, but bad for the others, by reason of not connecting the latter with the justification pleaded, is bad for all.

A misdescription of the year upon the grand list, upon which a certain tax was alleged to have been laid, in a petition from the selectmen to a justice of the peace for an extent against a delinquent collector, does not invalidate the extent granted thereon, and a similar mistake in the extent would not invalidate it.

TRESPASS for false imprisonment.

The defendants jointly pleaded two special pleas in justification. The first plea set forth that the plaintiff had been duly elected and qualified constable and collector of Chelsea for the year 1854;

that a tax was legally voted on the list of that year, and with a legal warrant was put into his hands for collection ; that he proceeded to collect the same, and was delinquent in paying over to the proper authorities ; and further set out the proceedings for, and the regular issuing of, an extent against him, under which, after due demand, he had been committed by the defendant, Lathrop, as constable of Chelsea.    The plea also alleged that in the petition of the selectmen to the justice for a citation, and in the extent issued by him against the plaintiff, the tax for which the plaintiff was delinquent, was erroneously described as having been voted on the list of 1853, when it should have been 1854.

The other plea simply set up the issuing of the extent by the justice on the prosecution of the selectmen, the delivery of it to the officer to execute and his commitment of the plaintiff under it.

Neither plea attempted in any way to connect the defendants, Cabot and Hyde, with the acts of Lathrop, set out in the pleas.

To these pleas the plaintiff demurred specially, on the ground that the pleas were joint and did not allege any facts in justification of two of the defendants or show any connection between them and the petition and extent ; that the judgment of the justice did not follow and was not founded on the petition presented by the selectmen ; and that the extent did not conform to, and was not founded upon the judgment of the justice set forth in the pleas.

The county court, at the March Term, 1860,—BARRETT, J. presiding,—adjudged the pleas in bar sufficient, and gave judgment for the defendants, to which the plaintiff excepted.

*C. W. Clarke* and *Dillingham & Durant*, for the plaintiff.

*Wm. Hebard*, for the defendant. ·

POLAND, J.   I. The defendants, by pleading a special justification of the trespass and imprisonment, admit their liability unless their plea shows a sufficient legal answer.

All having joined in the same pleas, they must show a good justification for all, or else they are good for neither.   These are familiar rules of pleading given in all the books on that subject.

Conceding that the facts set forth in the pleas furnish a good

answer for Lathrop, the constable, who committed the plaintiff
upon the extent, they are no defence to the others, for the pleas
do not attempt to connect them with the justification at all, by
stating that they acted under the constable as his aids or assist-
ants, or that they were selectmen, or other officers of the town,
and put the extent into the hands of the constable for execution.
As they do not show themselves in any way connected with the
justification, and have, by joining in the plea, admitted their con-
nection with the trespass on the plaintiff, the pleas are bad as to
them.   If the defendants, Hyde and Cabot, rely on showing they
had not any connection with the arrest and imprisonment of the
plaintiff, they should have plead the general issue.

As before said, this renders the pleas insufficient to justify the
officer also.   This objection, however, is only to the form of set-
ting up the defence, and could be remedied by amending, or
repleading.

II.  But the plaintiff claims that the proceedings set up in the
pleas are so irregular and defective as not to show that a good
justification can be made out for the imprisonment of the plaintiff,
at least not by either of the defendants, who were so connected
with the proceeding as to be bound to show anything back of the
extent on which the plaintiff was committed ; and as we suppose
this is probably the real turning point of the controversy between
the parties, and the court are entirely agreed in reference to it,
we deem it our duty now to announce our judgment upon it.
The pleas allege that the tax, for which the plaintiff was in arrear
and delinquent, was voted by the town of Chelsea in 1854, upon
the grand list of 1854, and duly assessed and delivered to the
plaintiff for collection, but that in the application or petition-pre-
sented by the selectmen to justice Lynde, asking for a citation to
bring the plaintiff before him according to the provisions of the
statute it was erroneously stated that the said tax was made on
the list of 1853, instead of the list of 1854.

After setting forth the citation to the plaintiff and his appear-
ance and the judgment of the justice, the pleas allege that the
justice issued an extent against the plaintiff to enforce the judg-
ment, but that a similar mistake was made as in the petition, and
the tax was described as having been made on the list of 1853.

It is insisted that the mistake in the petition had the effect to deprive the justice of any legal jurisdiction to act, and that his judgment was really rendered upon another subject matter than that presented and brought before him by the petition. But this claim is, in our judgment, not well founded. The tax was in all other respects properly described, and at most this was only a question of variance between the allegation in the petition and the proof produced to support it. If this question of variance had been raised and insisted on before the justice, he would clearly have had the power to allow the petition to be amended, as, the tax being in all other respects correctly described, there was enough to amend by. The objection not being there raised, was waived, and the judgment entirely cured the defect.

It is the same in principle as if in a declaration on a note there should be some particular in which the note should be misdescribed, but the defendant should allow it to pass without objection. It would be quite novel to claim that it made the judgment void.

That the justice in such case acts judicially, and that his adjudication is conclusive as a judgment, and that it is entitled to the same fair and favorable intendment which is applied to every other tribunal, has not been, and we think cannot be properly, denied. Every objection which the plaintiff might have against the validity of the tax itself, or to his liability for being in arrear and delinquent upon it, must have been made before the justice, and is concluded by his judgment. The plaintiff's counsel also claim the mistake in the extent in stating the tax to have been made on the list of 1853, is such a misdescription of the judgment, as renders the extent void, as if it had issued without any judgment at all, and thus bring this case within the principle of *Wilson et al.* v. *Fleming,* 16 Vt. 649, where it was held that a mistake in stating the amount of the judgment in an execution, made the execution void, as if there had been no judgment to support it. If this error in the extent was a substantial misdescription of the judgment, it would doubtless produce the same effect, and make the extent illegal and void.

But the error in the plaintiff's reasoning is, that this error is not in the description of the judgment at all. The judgment was

for a certain sum of money which in default of payment by the plaintiff, the constable was directed to levy and collect out of his property, and for want of property, to commit the plaintiff to jail. The error was in describing the cause of action, which was the foundation of the judgment, and probably might safely have been wholly omitted in the extent, and, whether correctly described or not, was immaterial to the validity of the extent; and even if it showed that the tax was one where the justice ought not to have rendered any judgment at all, would not make the judgment or extent void. But as all legal presumption is in favor of the proper action of the justice, if the tax, as stated in the extent, would show that it was illegal and invalid, it would be presumed to be a clerical error. But the soundest and most direct answer to the objection is that the judgment is not misdescribed.

For the reasons before stated, however, we think the pleas defective, and that the demurrer should have prevailed. The judgment is, therefore, reversed. The defendants are allowed to replead on terms, and the case remanded.