HENRY TICHOUT vs. WILLIAM W. CILLEY.

When an original plaintiff is sued for what is done under his execution, it is no defence, that he had sold the note upon which his judgement was rendered, before his suit was brought.

Doubted whether an execution from a justice's judgement for over fifty three dollars damages, made to run sixty days only, is to be considered absolutely void, or only voidable.

This was an action of *trespass* and *false imprisonment*, tried in the county court, where the defendant obtained a verdict, and the plaintiff filed exceptions, which were allowed by the court, and the cause was brought up to this Court for a hearing upon those exceptions. By the exceptions allowed, it appears, that *Cilley* was plaintiff in an action against *Tichout* upon a note; that judgement was rendered in said action in favor of *Cilley* for a sum in damages, which exceeded fifty three dollars; and an execution issued upon that judgement, returnable within sixty days from its date. Upon this, *Tichout* was committed to prison, which was

CHITTENDEN
January
1831.

Tichout
vs.
Cilley.

the trespass and imprisonment complained of. *Tichout* contended that the execution was void, by reason of its not running one hundred and twenty days. *Cilley* offered to prove in his defence by parol testimony that, before his action was commenced, he *bona fide* sold the note in question to Prentiss and Taylor, who commenced said suit in the name of *Cilley*, and carried it on for their own benefit. This evidence was objected to by plaintiff, but admitted by the court. The testimony showed, that the defendant, *Cilley*, was to be holden to Prentiss and Taylor for the ultimate payment of said note, if Taylor and Prentiss should prosecute *Tichout* to judgement and execution, and he should swear out of jail. The witness, who testified to this, also testified, that, upon notice to *Cilley*, from Taylor and Prentiss, *Cilley* procured a person to turn out some property on a prior execution. Upon this testimony the instructions, requested by the plaintiff's counsel, were, that *Cilley's* sending an agent to turn out property, to be attached or levied upon, showed such a participation in the proceedings as would render him liable for the illegal arrest and imprisonment complained of. The county court refused so to instruct the jury, and directed a verdict for the defendant, if the testimony of sale gained credit with the jury. The verdict was in favor of *Cilley*.

*Maeck, for the plaintiff.*—We contend, that the court erred in admitting the parol evidence to show, that, before the process was originally sued out against *Tichout*, the note was transferred from *Cilley* to Taylor and Prentiss. For, it was not the best evidence in the power of the party to produce. If there was any sale from *Cilley* to Taylor and Prentiss, its terms were in writing, and it was in the power of the party to produce it.

But if the evidence was admissible, still, the court ought to have charged the jury to find for the plaintiff. 1. From the mere fact alone, that the defendant was a party of record in the suit upon which the plaintiff was unjustly imprisoned. The inquiry then will be, how far were the parties bound by the record ; or, in other words, what, as between these parties, did this record prove ? So long as it was not vacated or reversed, it was incontrovertible proof, that *Cilley*, acting as plaintiff, did, at such a time and before such a court, recover judgement against *Tichout*, and for the cause therein expressed. These facts the present plaintiff would be estopped from denying ; and, as all estoppels are mutual, so likewise is the defendant estopped from denying it. If these po-

sitions are correct, it follows, that, as between *Cilley* and *Tichout*,
*Cilley* must be subject to all the liabilities of a party; and one of
the liabilities, to which the party to the suit may be subject, is,
where a defendant has been illegally imprisoned under colour of
a writ, sued out against him, the party, at whose suit the writ is-
sued, and the attorney, are liable in this action.—3 *Wills.* 341,
368, 376; 2 *Black. R.* 845; 1 *Lev.* 95. The party of record,
in all the books, is considered as the principal and prime mover;
and no case is to be found where an action of false imprisonment
has been sustained, for acts done under process, where it has not
lain against the plaintiff in the suit. They all go upon the ground,
that the party, by suffering his name to be used, has placed others
in a situation to commit a wrong; therefore, he is not wholly
without fault; that he must answer to the persons, who have
been aggrieved; and his agents must be answerable over to him.
To support the contrary doctrine would give him all the benefit,
that could be derived from legal process, and yet shield him from
its liabilities. All the authorities expressly recognise the position,
that, where a party is identified as being the party in the record,
he is bound by all the acts done under colour of the record;
and that, in point of fact, it is immaterial, whether the party ever
became party to the record by his own voluntary consent, or
by the fraud of the attorney. In England and New-York the
appearance of the attorney and his acts are binding upon the prin-
cipal, as between him and the other party, whether the attorney
was ever employed or not, and he must look to the attorney for
redress.

2. Though the party in the present case may not be liable
from the mere fact, that he is party to the record without his as-
sent, yet, where he becomes a party to the record with his assent,
either express or implied, and permits his name to be used as a
prosecutor, he is then clearly liable for all acts done under colour
of the record. It is a well settled principle, that in trespass all
are principals, and that, whoever commands, aids, assists, pro-
cures, or assents, either before or subsequent to the act, is a tres-
passer.—*Co. Litt.* 57, *a.*; 2 *Inst.* 183. The plaintiff in the
suit is as much liable as the attorney, who sues out void process,
though the plaintiff may not have directed the particular process
to issue, but only authorized the attorney to issue process, on the
ground, that the party is always liable for the unskilful acts of his
agent.—3 *Wills.* 341, 368; 2 *Wills.* 285; 1 *Bos. and Pull.*
404. In point of fact, the plaintiff is scarce ever otherwise in
CCC

CHITTENDEN
January,
1831.
———
Tichout
vs.
Cilley.

fault, than having employed unskilful agents. But wherever an individual conveys a power to be exercised in his name, or on his behalf, and, in the exercise of that power, an injury is done, the person doing that injury, as well as the person, who placed him in that situation to do it, must be liable to the party injured. If, then, the present injury could not have happened to *Tichout*, without a licence from *Cilley* to make use of his name, it follows, as a matter of course, that he has been the prime mover, and set the process in motion ; and though he never contemplated the wrong in question, yet, if it has ensued in consequence of his delegated authority, he is liable in law. The case finds, that the defendant owned the note in question, upon which the process was founded ; that he sold it to Taylor and Prentiss, and, at the time of the sale, not merely gave them a licence to sue *Tichout* upon it, but expressly enjoined them to do it, and was not to be liable himself until *Tichout* had sworn out of jail. In what attitude, then, did Taylor and Prentiss stand towards *Cilley*? They were his agents to collect that note of *Tichout ;* and *Cilley* was to be benefited by their act.

*Lastly*, on the score of public policy alone, the defendant should be held liable. This never has been, nor ever should be lost sight of, in judicial decisions. Laws are publick property ; and, whenever civil injuries arise, the remedy should be obvious. The doctrine advanced by the court in 1 *Bos. and Pull.* 404, *et seq.* is a safe, and salutary doctrine, to be adopted here. To say this defendant is not liable, would lead to great inconvenience, if not dangerous consequences.

*Chs. Adams, contra.*—From the evidence in this case, the following facts appear to be made out ; that the note, on which the judgement and execution was founded, was sold by defendant to Taylor and Prentiss ; that Joseph Porter was their attorney, and by their direction made out the writ ; and that defendant authorized and directed the turning out the property on the attachment ; but subsequently had no further agency in the business ; and that the execution was directed by said Porter, or by Taylor and Prentiss, without any actual knowledge or participation on the part of defendant.

From this state of facts the defendant contends, that any direction, which he may have given in relation to the attachment does not make him a party to the illegal execution. That the execution being in his name, does not necessarily make him a party to any

proceedings under it. Having assigned the note to Taylor and Prentiss, he was bound to allow them to make use of his name to collect it ; and, unless in *fact* he gave directions relative to the execution, he is not a party.

CHITTENDEN
January,
1831.

Tichout
vs.
Cilley.

HUTCHINSON, C. J., pronounced the opinion of the Court.—The objection urged by the plaintiff's counsel, that the sale of the note should not be proved by parol testimony, seems hardly to arise in the case ; for it no where appears, that there was any writing upon the subject. There might be a valid sale without any writing, and such sale might well be proved by parol.

The other objection, urged to this testimony, is more important. It seems, the defendant was permitted to show a sale of the note to Taylor and Prentiss before the action was brought upon it in his name ; and by such showing obtained a verdict. The authorities adduced are in point against this decision. Some of them even go so far, as to decide, that a man is liable for an injury, resulting from a suit commenced in his name by an attorney without any employment from him, and without his knowledge or consent. In such case, if judgement is rendered against him the execution will come against him for the cost, and he may be obliged to pay it, and seek his plain remedy upon the person using his name without any authority from him. But, if any action were brought against him for any other damages, resulting from such unauthorized suit, I doubt the right to recover without showing his consent to the suit, either expressed or implied. But we have no such case now before us. *Cilley*, the present defendant, had a note against *Tichout*, the present plaintiff. He sold this note to Messrs. Taylor and Prentiss. This, without more, authorized them to use his name for the collection of the note. He might take care to secure himself from harm at the time of his sale. He might even require an indemnifying bond. If he has not done it, he has concluded to run the risk of their so proceeding as not to subject him to injury. Whereas, if such a sale of a note would throw the responsibility off of the plaintiff, it might often place it where there would be no responsibility to make good the party injured. But when this sale was made, *Cilley*, not only impliedly, by the sale, authorized a suit in his name, but expressly stipulated, that his accountability, to Messrs. Taylor and Prentiss, should depend upon their having prosecuted the signer of the note, and his having sworn out of jail. The suit was not only in the name of *Cilley*, but was commen-

CHITTENDEN ced for his benefit : and his knowledge of it, while progressing,
*January,* is made manifest by his receiving notice and sending an agent to
*1831,* turn out property. The truth is, if a wrong has been done, all
Tichout concerned in it are liable to the party injured ; and there is record
*vs.* proof, that the defendant was concerned in it. Both parties have
Cilley. proceeded upon the ground, that this execution, by running only
sixty days, as it well might, if it were a few dollars less in amount, is
absolutely void. We are under no necessity of giving, or forming,
any opinion upon this point, while the counsel do not choose to
litigate it ; but we entertain some doubt whether it ought to be
treated as a nullity, till set aside by some regular process. Per-
haps the parties feel no wish to raise this question. It may be
of no use ; for the execution, when set aside, would cease to
avail the party justifying under it. On account of the admission
of the testimony offered in the defence, and the instructions given
to the jury, the judgement is reversed and a new trial is granted.

ROYCE, J., not being present at the argument, or when the
judgement was pronounced, took no part in this decision.