# ORLEANS COUNTY.

## MARCH TERM, 1842.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief·Justice.*
" STEPHEN ROYCE, ⎫
" ISAAC F. REDFIELD, ⎬ *Assistant Justices.*
" MILO L. BENNETT, ⎭

THOMAS JAMESON *v.* WILLIAM E. PADDOCK and ELIAS WOODS.

Where a debtor, in an appealed suit, tendered a judgment by confession, in pursuance of the act in addition to the.justice act, passed in 1821, for more than fifty three dollars damages;—*Held,* that the execution, issued upon such judgment, should have been made returnable in one hundred and twenty days.

When such execution issued returnable in sixty days, *it was held* to be irregular, and the lien on the property attached upon the writ was lost.

If a sheriff declare on a receipt for property attached, setting forth the recovery of a judgment and the issuing of an *irregular* execution thereon, and a demand of the property only for the purpose of levying such execution upon the property, such declaration is bad on demurrer.

ASSUMPSIT, by the plaintiff, as late sheriff of Orleans county, against the defendants upon their written receipt for a quantity of sole leather. The facts, as alleged in the declaration, were as follows. On the 29th of July, 1836, Jonathan P. Blaisdell, a deputy of the plaintiff, attached the leather in question on a writ in favor of John Dean against Jonathan Houghton, and the defendants received the property from said Blaisdell and executed their receipt therefor, in which

ORLEANS,
*March,*
1842.

Jameson
*v.*
Paddock and
Woods.

they promised to re-deliver said leather on demand. The writ was returnable before a justice of the peace, and a judgment was rendered by said justice for the plaintiff, Dean, to recover of the defendant, Houghton, $90.28 damages and his cost. Houghton appealed, and twelve days before the term of the county court, to which the appeal was taken, tendered a confession of judgment, agreeably to the statute of 1821, which confession was accepted and a judgment rendered thereon, by the justice, for $93.95 damages, and for the cost of such confession. Upon that judgment the justice issued execution for said damages and costs, returnable within sixty days. The execution was seasonably delivered to a legal officer, by whom the leather, receipted for, was duly and seasonably demanded, that said execution might be levied thereon, &c.

The county court, upon demurrer, adjudged the declaration insufficient, and the plaintiff excepted.

*J. Cooper,* for defendants.

The questions arising in this case must depend upon the construction of the statute, passed November 15, 1821, sections 3 to 6, pp. 139, 140. The third section of this statute is directory, and if not it does not follow that an execution returnable in sixty days is void.

The court will presume in favor of the proceeding, and sustain it, unless it is absolutely void.

The following cases may be referred to as a partial construction of the statute. *Hatch, ex parte,* 2 Aikens' R. 28. *Tichout* v. *Cilley,* 3 Vt. R. 415. *Gage* v. *Brown,* 11 Vt. R. 195.

*J. A. Paddock,* for defendants.

The right of the party to tender a confession, in a case like the present, and the authority of the justice to receive it, and to render judgment thereon, are derived from the provisions of the statute of 1821 ; and any exercise of power not granted renders the whole proceeding irregular and void.

In order to hold property attached, bail on *mesne process,* and receiptors of property, the plaintiff must follow strictly all the provisions of the statute applicable to his case.

By the third section of the same act it is enacted, ' that ' whenever a judgment is rendered for a larger sum than

'$53.00, *in pursuance of the provisions of this act*, the
'execution shall be made returnable within one hundred and
'twenty days.' The execution, in this case, is made return-
able in sixty days. It is, therefore, insisted, if the court
should be of opinion that the *judgment* is not void, that the
*execution* is clearly so, and the defendants are not holden in
consequence of any proceedings under it.

ORLEANS,
*March,*
1842.

Jameson
*v.*
Paddock and
Woods.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The objection to the declaration, relied
on in the argument, is that the execution therein described was
irregular in not being made returnable in one hundred and
twenty days. The statute of 1821, in amendment of the
justice act, provided that whenever an execution issued in
pursuance of the provisions of that act, for a larger sum than
fifty-three dollars, it should be made returnable within one
hundred and twenty days. The same statute provided that
the debtor, who had appealed from a judgment rendered by
a justice of the peace, might, twelve days before the sitting
of the court, tender a confession which should have the effect
of an affirmance.

As it was only by the provisions of that statute that the
debtor could tender the confession set forth in the declara-
tion, we have no doubt the execution issued in pursuance
of the provisions of the statute of 1821, and being for a larger
sum than fifty-three dollars, should have been returnable in
one hundred and twenty days. Nor does the seventh sec-
tion authorize the issuing of an execution as from a judg-
ment rendered by the county court. Executions issuing
from the county court are returnable either in sixty days, or to
the next term, and this provision is not applicable to any
judgment rendered by a justice of the peace. A justice of
the peace can only issue an execution returnable in sixty or
one hundred and twenty days, and any execution issued by
him for a longer or shorter period, must be treated as irreg-
ular. And though it may be true that an execution, regular
upon its face, and which a justice could issue, may be a pro-
tection to the officer, yet if issued contrary to the require-
ments of the law, it is irregular as respects the creditor
therein, and may be set aside or treated as irregular.

We cannot hold this statute as merely directory, and

consider the execution regular, as such a construction would render the statute *itself inoperative and of no effect.* We consider, therefore, that the execution issued irregularly, and that the lien on the property attached was lost.

If this declaration had merely counted on the receipt of the property by the defendants and their refusal to deliver it, the declaration might have been good, as the sheriff was under obligation to return the property to the debtor if the right of the creditor was gone, and, on such a declaration, the defendants could have shown, in defence, that the property had been restored to the debtor, and the creditor had lost all claim thereto. In this declaration, however, the plaintiff avers that he demanded the property that it might be levied on to satisfy the execution mentioned in the declaration. For that purpose he was not entitled to receive it, nor were the defendants under obligation either to restore the property, or pay cost, as the claim on the sheriff and on them was lost by the creditor omitting to take out a regular execution. The title set up in the declaration, to the property attached, for the purpose of levying the execution thereon, wholly failed, and the plaintiff does not set forth a claim for any other purpose. The declaration is, therefore, insufficient, and the judgment of the county court is affirmed.