Bond et al. *v*. Wilder.

---

RICHARD BOND AND ASA W. BOND *v*. EZRA W. WILDER.

If an officer levy upon property by virtue of an execution, and advertise the same for sale, and neglect to sell it upon the execution, he becomes a tres-passer *ab initio*.

An execution made returnable in sixty days, when it should have been made returnable in 120 days, is void, and will afford no justification to an officer seizing and selling property under it.

TRESPASS for taking a one horse lumber wagon. Plea, the general issue, and trial by the jury.

The plaintiffs gave evidence tending to prove that they purchased the wagon of one Cobb, and took possession of the same. The defendant claimed that the sale was fraudulent as to the creditors of Cobb, and gave in evidence the record of a judgment by confession in favor of Lyman Merrifield & Co. against Cobb for $91.08 damages, and costs. Also, an execution on said judgment, dated April 20, 1841, and returnable in 120 days, which he was specially authorized to serve, together with his return thereon, from which it appeared that he levied on said wagon, as the property of Cobb, August 14, 1841, and advertised the same to be sold September 7, 1841, and then returned said execution to the justice who issued it. Also, an *alias* execution, which he was also authorized to serve, issued on said judgment, made returnable in sixty days, with his return thereon, from which it appeared that, on the 7th day of September, 1841, he sold said wagon on said *alias* execution, and in pursuance of the previous advertisement, which was the trespass complained of.

The court decided that the *alias* execution was void, and that neither of the executions was a justification to the defendant, and directed a verdict for the plaintiffs. Exceptions by defendant.

*D. Roberts, Jr.*, for defendant.

1. The first execution was a justification to the defendant for every thing that he did under it. The taking the wagon on the 14th of August, the holding it till the 19th of August, and the advertising it for sale were, therefore, all lawful. The neglect to sell upon that execution could not make the defendant a trespasser *ab initio*, for that was a mere *non feasance*. *The six Carpenter's case*, 8 Co. 146. *Gardner* v. *Campbell*, 15 Johns. 401. *Gates* v. *Lownsbury*, 20 Johns. 427. *Hall* v. *Clark*, 19 Wend. 498.

2. The second execution ought not to be treated as void. It recited a valid judgment, it directed the officer to levy upon the debtor's property for the amount due, "and make due return according to law." This due return, and the time within which it shall be made, are what the law prescribes, and an insertion by the justice of a shorter time could not limit the duration of the writ as an effective process. *Hoes' Case*, 5 Co. 90, 91, cited 12 Vt. 95. It should at least justify all acts done under it during the sixty days.

*Hatch, ex parte,* 2 Aik. 28. Would the execution have been void, if it had ended with the precept, "make due return according to law?" If not, then may we not reject, as surplusage, the additional words "within 60 days from date," when inconsistent with such due return? *Bank of Whitehall v. Pettes,* 13 Vt. 395. *Lewis v. Avery,* 8 Vt. 287.

The strong bearing of courts, in modern days, has been to sustain proceedings, rather than to treat them as void for any error. *Prigg v. Adams et al.,* 2 Salk. 674. *Allen v. Huntington et al.,* 2 Aik. 249. *Sewell v. Harrington,* 11 Vt. 141. *Fletcher v. Baxter,* 2 Aik. 224. *Fletcher v. Mott et al.,* 1 Aik. 339. *Phelps v. Parks,* 4 Vt. 488. *Reynolds v. Corp et al.,* 3 Caine 267. 13 Johns. 378. *Wood v. Kinsman et al.,* 5 Vt. 588, 598. 2 N. H. Rep. 491. 4 Cranch 328.

As a test to determine whether this execution was void, we may inquire whether it was amendable. *Bank of Whitehall v. Pettes,* 13 Vt. 395. Here was something to amend by,—to wit, the judgment, and the award of execution, which must be understood of a proper execution. Formerly courts were very rigid as to permitting amendments, 3 Bl. Com. 406, but are now quite liberal. *Jackson v. Walker et al.,* 4 Wend. 412. *Jackson v. Anderson,* 4 Wend. 474. *Jackson v. Page,* 4 Wend. 585. *Jackson v. Pratt,* 10 Johns. 386. *Parmelee v. Hitchcock,* 12 Wend. 96. *Laroche v. Wasbrough et al.,* 2 T. R. 737. *Stevenson v. Castle,* 18 E. C. L. 105. *Bissell v. Kip,* 5 Johns. 89. *Holmes v. Williams,* 3 Caine 98. *Brown v. Hammond,* Barnes 10. *Jennings v. Carter,* 2 Wend. 446 *Center v. Billinghast,* 1 Cow. 33. *McIntyre v. Rowan,* 3 Johns. 144. *Thorp v. Fowler,* 5 Cow. 446. *Jones v. Cook,* 1 Cow. 309. 4 East. 173. *Sayre* 12, 62. 1 Johns. Cas. 220. *Shirlay v. Wright,* 2 Salk. 700. *Carty v. Ashley,* 2 Bl. R. 918. *Gibbons v. Larcom,* 3 Wend. 303. *Cramer v. Van Alstyne,* 9 Johns. 386. *Hunt v. Kendwick,* 2 Wm. Bl. 836. *Atkinson v. Newton,* 2 B. & P. 336. *Williams v. Roger,* 5 Johns. 163. *Campbell v. Cumming,* 2 Burr. 1187. *Gordon v. Valentine,* 16 Johns. 145. *Shoemaker v. Knorr,* 1 Dall. 197.

In *Toof v. Butler,* 5 Wend. 276, a justice's execution, returnable in 60 days, when it should have been 90, was held void, and for the reason that a justice's court was not a court of record;—

whereas courts of record have power to make *such* amendments. But in this State justice's courts are by statute courts of record, and have equal power with all other courts in making amendments. *Starkweather* v. *Loomis*, 2 Vt. 573. *Blodgett* v. *Jordan*, 6 Vt. 580. Rev. St. 161, § 16. *Tichout* v. *Cilley*, 3 Vt. 415.

*A. L. Miner* for plaintiffs.

A justice of the peace has now, in no case, power to issue an execution returnable in a less time than 120 days, when the damages exceed $53; Rev. St. 174, § 44; and an execution for a longer or shorter period is no execution in fact. *Jameson* v. *Paddock*, 14 Vt. 491. *Tichout* v. *Cilley*, 3 Vt. 415. *Toof* v. *Butler*, 5 Wend. 276. *Farr* v. *Smith*, 9 Wend. 338.

If an officer might not be justified in neglecting to serve such an execution, because it might be amended, it does not follow of course that he could justify under it, before it was amended.

Neither can the defendant justify under the first execution. With that he merely *levied*; he *took* and *sold* the wagon under the second and void execution.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The defendant justified taking the property in question, as deputed to serve an execution in favor of Merrifield & Co. against one Cobb. It became necessary for him to show a regular process, and his deputation. In order to justify under the authority of the writ of execution, it was necessary to show that he pursued the steps pointed out by the law. The first execution, on which he took the property, was legal and unobjectionable; but he did not sell the same by virtue of that execution; and as he conducted with the property taken in a manner different from what the law directs, he was a trespasser *ab initio*, and cannot protect himself under that execution. The neglect of an impounder to proceed with a distress according to the requisitions of the statute made a man a trespasser previous to the statute of Geo. II. 7 Vt. 367. *Pierce* v. *Benjamin*, 14 Pick. 356.

This question, however, is not important in this case, as the seizure and sale on the second execution was a trespass on the property of the plaintiff, if the execution was irregular and void. That it was irregular and void has been so often decided, that it

would be improper for the court now to investigate the question at all.    In *Hatch, ex parte*, 2 Aik. 28, in *Tichout v. Cilley*, 3 Vt. 415, and in *Jameson v. Paddock*, 14 Vt. 491, it has been determined that an execution, like that under which this defendant attempts to justify, returnable in 60 instead of 120 days, is irregular and void, and not authorized by any statute of this state.    Whether it would have been better that it had been decided otherwise is not now a subject of inquiry ; and we can say, as it was said in the case of *Edmunds v. Povey et al.*, 1 Vern. 188, "After long debate, the Lord Keeper told them he wondered the counsel laid their shoulders to a point that had been so long settled, and received as the constant course in chancery.    It is true there have been strong arguments used against the unreasonableness of this practice, and there might be likewise strong reasons brought for the maintaining of it, and it was at first a case very disputable, but, being once settled, as it was in the case of *Marsh v. Lee*, he would not now suffer that point to be stirred."          The judgment of the county court is affirmed.