## SAMUEL H. HOVEY v. SAMUEL NILES.

*Audita querela.  Execution, when returnable, where the same is issued by a justice of peace.*

An execution issued by a justice of the peace, for a sum exceeding $53, by statute is required to be made returnable in 120 days, and if made returnable in 60 days, the execution will be held irregular and void.

In such cases, the writ of *audita querela* is the proper remedy to set aside the execution, and the right to sustain this suit, will not be affected by the fact, that the officer had not called upon the debtor, or made any effort to collect the execution, if the 60 days, from the date of the execution had not expired when the suit was commenced.

AUDITA QUERELA brought to set aside an execution, issued by Charles M. Seabury, a justice of the peace, in favor of the defendant against the plaintiff.

Plea, the general issue, and trial by the court.

It appeared on the trial, that on the 14th day of October, 1852, Niles, the defendant, recovered a judgment against Hovey, the plaintiff, for the sum of $54,85, damages and for $3,36, costs, before said justice, and on the 28th day of October, 1852, Niles prayed out an execution on said judgment, which was signed by said justice and made returnable in sixty days from that date, and on the same day said Niles gave the execution to one James Hamilton, a deputy sheriff, for collection.

That on the first day of November, 1842, justice Seabury wrote a line to Hamilton, directing him to get some one to alter said execution, so as to make it returnable in 120 days; but he neglected to do so, and the execution remained unaltered. That soon after the first day of December, 1852, said Hovey called on Hamilton to see the execution, and said he wished to ascertain the amount and settle it; he was shown the execution, and a few days after the present suit was brought. It did not appear that Hamilton had ever called on Hovey with the execution, or made any effort to collect it; that said Hamilton's term of office as deputy sheriff expired on the first of December, 1852, and while this execution was in his hands, and that the execution was in his hands at the commencement of this suit.

The County Court, June Term, 1853,—POLAND, J., presiding, —upon these facts rendered judgment for the plaintiff to recover nominal damages, and that said execution be set aside.

Exceptions by defendant.

*J. L. Edwards* for defendant.

The equity of the case is with the defendant. *Audita querela* is in the nature of an equitable suit in which the equitable rights of the parties will be regarded. *Waddington* v. *Vanderburg,* 2 Johns. Cases 227. *Lovejoy* v. *Webber,* 10 Mass. 103. *Little* v. *Newburyport Bank,* 14 Mass. 448.

Being an equitable remedy it seems applicable rather to relief against a judgment improperly obtained, than to an execution irregularly issued. *United States* v. *Jenkins,* 18 Johns. 305.

The execution issued unadvisedly, and might be withdrawn before anything was done under it. *Cains* v. *Smith,* 8 Johns. 337; and was virtually withdrawn by the magistrate.

A clerical error, by which an execution varies in a small amount from the judgment, is no ground for quashing the execution. *Saunders* v. *Kentucky Ins. Co.* 4 Bibb 471.

The issuing of the execution, returnable in 60 days, instead of 120, was a mere clerical mistake of the magistrate, and not the wrongful act of the party, and cannot be corrected by *audita querela,* but may be on motion. *Smith* v. *Rix,* 9 Vt. 240.

The plaintiff has in no wise been injured by the execution, nor was he likely to be injured by the mistake. The magistrate had ordered the execution to be altered, and it was in the hands of the officer, whose term of office had expired, without any intention of enforcing its collection, at the time the plaintiff prayed out his writ.

At the time the plaintiff was informed that such an execution was in existence, it was in the hands of a third person, not then an officer; and we insist that the plaintiff under the circumstances was in no danger from it at the time he sued out his writ. It was a void piece of paper, and the plaintiff was not justified in suing out his writ of *audita querela.*

We can see no equity in the plaintiff's case, and we believe he ought not to be permitted to take advantage of his own wrongful act.

Hovey v. Niles.

*S. Sumner* and *Cooper & Bartlett* for plaintiff.

I. An execution for over $53, running only sixty days, is clearly voidable by *audita querela. Tichout* v. *Cilley,* 3 Vt. 415.

II. This execution is no more valid than it would have been had it been made returnable in twenty or thirty days, instead of sixty days.

III. This question seems to be regarded as one not open to debate. *Bond* v. *Wilder,* 16 Vt. 393, and cases there cited.

The opinion of the court was delivered by

ISHAM, J. The judgment of the county court in this case must be affirmed. It appears from the exceptions that the judgment in favor of Niles, against Hovey, was rendered on the 14th of October, 1852, for a sum exceeding $53,00, exclusive of costs. The execution was issued on the 28th day of October, in the same year, and made returnable in sixty days from date, and on the same day, was placed in the hands of a deputy sheriff for service and collection. This suit was commenced on the 7th of December, 1852, for the purpose of setting aside and vacating that execution. In cases of this character, the statute requires the execution to be made returnable, in 120 days, and if it otherwise issues, the execution is considered as irregular and void. This question has been frequently decided in this state. In the case of *Bond* v. *Wilder,* 16 Vt. 393, Ch. J. WILLIAMS remarked, " that an execution returnable in 60 days, instead of 120 days, is irregular, " and void, and not authorized by any statute of this state :" and it was held, that a levy and sale of property on such execution, rendered the party a trespasser. He further observed that the question had been so often decided, that it would be improper for the court now to investigate the question at all. In such cases the writ of *audita querela* is a proper remedy to set aside the execution, and relieve the party from the danger of a seizure of his property, or an arrest of his person.

The right to sustain this suit is not affected by the fact, that the officer had not called upon the debtor for the execution, nor made any effort to collect it, as the 60 days from the date of the execution had not expired. Neither will the circumstance, that the magistrate had requested the execution to be altered, or that the term of office of the deputy sheriff had expired, have any such effect.

The Comp. Stat. 99, sec. 30, provides that officers may perfect and perform the duties of such officers, upon all processes in their hands, at the time of the expiration of their office. So far as this execution is concerned, therefore, the power and duty of this officer remained the same as it was when he received the execution in his hands for collection ; and so long as the execution was permitted to remain in his hands unaltered, during its life the debtor was subject to a seizure of his property, and the levy of this execution. To avoid which, he is entitled to a remedy by this process.

Judgment of the County Court affirmed.