MILTON D. HAWKINS,

*vs.*

LEWES JOURNAL COMPANY, a corporation of the State of Delaware.

In the Matter of the claim of B. F. Bond Paper Company.

*Sussex, Dec.* 20, 1922.

Where a claim filed by a corporate claimant was verified by its treasurer against the receiver of another corporation for a judgment rendered against the latter in favor of an individual trading under a firm name identical with that of claimant, which was incorporated after the judgment and succeeded to the business of the individual, it was not a "verification signed by the creditor," as required by Court of Chancery *Rule* 156; no assignment of the judgment to the claimant being shown.

Where claim against an insolvent corporation is improperly verified under *Chancery Rule* 156, leave was granted to amend the verification, notwithstanding time for filing claims had passed.

Execution issued by justice of the peace, where made returnable less than three months after issuance, in violation of *Revised Code* 1915, *Par*. 4023, was void.

Execution issued by justice of the peace, where made returnable less than three months after issuance, in violation of *Revised Code* 1915, *Par*. 4023, was void, and did not give the creditor a claim of priority against judgment debtor's receiver.

EXCEPTIONS TO CLAIM. A receiver was appointed for Lewes Journal Company, and among the claims filed by creditors was one by the B. F. Bond Paper Company, founded on a judgment for $99.07 and costs, obtained against the Journal Company before a justice of the peace. Not only does the claimant claim the amount named as due, but also that the same is entitled to priority of payment because of an execution issued by the justice on the judgment. The execution was issued February 5, 1921, and made returnable February 26, 1921.

The receiver excepted to the claim because no verification of said claim under oath, signed by the creditor, appears to have been made, as required by *Rule* 156 of this court.

The receiver further excepted to the claim for priority, because the execution was not issued in acordance with the statute, in that it was made returnable in less than three months from the date of its issuance.

*Woodburn Martin,* for the claimant.

*John M. Richardson,* for the receiver, the exceptant.

THE CHANCELLOR. First, as to the objection that the claim is not properly verified under the rule, it appears that the judgment was obtained by Benjamin F. Bond, trading under the firm name of B. F. Bond Paper Company. The verification is by Benjamin F. Bond, Jr., treasurer of B. F. Bond Paper Company. Solicitor for the claimant admits that B. F. Bond Paper Company is a corporation, it having been incorporated since the judgment was obtained and having succeeded to the business of the individual, B. F. Bond, trading as aforesaid. No assignment of the judgment is shown to have been made to the corporation. In this state of the record, the exception should be sustained. The claimant may, however, have leave to amend its claim by showing that it is the present owner of the judgment.

Second, as to the claim of priority under the execution, the exception will be sustained. The pertinent statutory provision dealing with executions issued by justices of the peace, is found in *Revised Code* 1915, *Par.* 4023, and is, as follows:

"It [process of execution] shall bear date of the day it is issued, and shall

be made returnable on a day certain, not more than six, nor less than three months, thereafter."

The execution in question was issued February 5, 1921, and made returnable February 26, 1921, a period of twenty-one days. The express and positive provision of the statute was, therefore, disregarded by the justice. Whatever might be the view with regard to an execution issued out of a court of record of general jurisdiction and made returnable at a time earlier than the law specifies—whether it is merely irregular and voidable, or altogether void—I am clearly of the opinion that such an execution as was issued by the justice of the peace in this case was void. On *certiorari* to the Superior Court, objection to it as returnable at too early a date would have been fatal. While the court of a justice of the peace is a court of record, yet it is a court of inferior jurisdiction. Such a provision of law as is found in the above referred to section must be strictly followed in the justice's court. The following cases amply support this view. *Stevens v. Chouteau*, 11 *Mo.* 382, 49 *Am. Dec.* 92; *Estes v. Long*, 71 *Mo.* 605; *Toof v. Bently*, 5 *Wend.* (*N. Y.*) 276; *Farr v. Smith*, 9 *Wend.* (*N. Y.*) 338, 24 *Am. Dec.* 162; *Bond v. Wilder*, 16 *Vt.* 393; *Jameson v. Paddock, et al.*, 14 *Vt.* 491.

While the claim may be allowed as a general claim, if amended as indicated, yet for the reasons just stated it cannot be allowed as a prior one.

Let an order be entered accordingly.