## YOUNG vs. SHAW.

A power to take recognizances, with any legal condition, is incident to every common law court of record.   Therefore, although the statute, which authorizes the defendant in certain cases, to file in court, a declaration on book against the plaintiff, provides, that the defendant shall become recognized, &c.   Yet, if a third person, in such case, become recognized, instead of the defendant—such recognizance is valid, and a good and legal security to the cognizee.

*Rutland,*
*February.*
*1814.*

THIS was an action of debt on recognizance.   The declaration set forth the occasion on which the recognizance was taken, and the condition.—That Guilford D. Young, the present plaintiff, had commenced an action on a note of hand, against Andrew McFarland.   On the entry of that action in the County Court, McFarland filed a declaration on book against the plaintiff, Guilford D. Young, under the ninety third section of the judiciary act, and Samuel Shaw the now defendant, became recognized before that Court to Guilford D. Young, for the prosecution of the declaration on book, in favor of McFarland against him, and for costs, in case of failure. In the declaration on book, judgment was rendered in favor of Young, the present plaintiff, for his costs, which remained unpaid.

To this delaration there was a demurrer and joinder.

*Williams* and *Mallary,* in support of the demurrer, contended

that the County Court, before whom the recognizance, in this case was taken, had no authority to take a recognizance, of any other person, than of him, who filed the declaration ; the recognizance, therefore, having been taken without authority, is void. They recited the words of the act, " at the time of filing such declaration, the defendant or defendants, shall become recognized to the plaintiff, &c." They insisted that the recognizance could not be held good, under the statute, and that, at common law it could not be valid, as it was taken in a case unknown to the common law—that our courts derive not their power from the common law, but from statute. Common law jurisdiction is given by statute, but no general authority to take recognizances ; they have this authority in particular cases only, given by statute. They insisted, therefore, that the recognizance was void, as clearly as it would have been, if taken with a condition different from that prescribed by law.

*Langdon,* for the plaintiff. The declaration, in this case states that Samuel Shaw the present defendant became recognized, at the special instance and request of McFarland, the then defendant ; and *qui facit per alium, facit per se,* is a maxim of law. And many things are good, though not done precisely agreeably to the letter of a statute, if the principal object of the statute be attained. As, where the statute makes it necessary that, on the allowance of a writ of error, a recognizance be taken in double the amount of the debt, yet, if taken for more it is good. So, if an executor enter into a recognizance, though not required by law, so to do, it is good, 2 L. R. 1138, Fanshaw *vs.* Morrison, same 1459, Johnson *vs.* Laserre. These cases shew that courts have a common law power to take recognizances. And, in this case, the condition was for a thing moral and legal—to secure to the plaintiff the costs which he might wrongfully sustain.

The opinion of the Court was delivered by

CHIPMAN, Ch. J. It is not now a question, whether the County Court ought to have received the declaration of McFarland in that case, without his becoming personally recognized to Young, the then plaintiff, nor does it now appear, whether he did personally recognize or not. But the question is, whether the recognizance, taken of the defendant, Shaw, into which he understandingly entered, and which, as to the occasion, purpose and condition is against

*Rutland,*
February.
1814.

Young
*vs.*
Shaw.

no law, justice or policy, is illegal and void, merely because not specially authorized by statute on that occasion. The statute requires, that the defendant, filing a declaration on book, in such case, shall become recognized to the plaintiff, whose action is to be stayed, to wait the event of such declaration. If he procure another person to be recognized in his stead, or jointly with him, it is not immoral—it is not against any positive law, or against any principle. If it be void, it is because Courts of common law jurisdiction, have no power to take a recognizance in any case, unless specially authorized by statute.

It is said that the courts in this State, do not derive any power from the common law, but all their powers are conferred by statute, and, although they have common law powers, yet those powers are conferred by statute ; but this is not precisely so. The establishment of Courts, is provided for by the constitution. They are organized, and their powers, defined, modified, limited or extended by statute, as it was supposed, the nature of the government required, and as would best secure a due and prompt administration of justice.

The provisions of the constitution are very brief, on this subject, and have a constant reference to the common law, without which they would be unintelligible. Had the legislature simply organized the several courts, without any further provision, relating to their powers or mode of proceeding, they would have had, as necessarily incident, all the powers of similar common law courts, not inconsistent with the nature of the government, and the general provisions of the constitution. Where the legislature have by statute, undertaken to declare, ascertain, limit, extend or modify these powers, the statute must govern. In every case of incidental powers, not acted upon by the legislature, the common law, as applicable to the institution of the court, is the only rule and guide. As to this incidental power of taking recognizances, and such power is unquestionably incident, to every common law court of record, the legislature have not in any one instance acted upon it. It has never been thought necessary to declare the power to exist, in any of the courts. There is not a single clause in any of our statutes, on this subject, either enabling or restraining ; and that, because the legislature have always understood, as this Court now understand it, that it is a power incident to every common law court of record.

The legislature in many instances, have by law directed, that parties in court, either by themselves or with sureties, in the course of proceedings, civil and criminal, shall become bound, by way of recognizance, either to the opposite party, to the State, or to some public treasury : but in no instance has it been thought necessary, to give a court of record power to take such recognizances : and, clearly because such court was considered as already possessed of the power generally, as necessarily incident to its institution.

Every recognizance acknowledged in a court of record, with any legal condition whatever, is a good and legal security to the conuzee, whether conditioned for the payment of money, or for the performance of any thing, not contrary to law. On these principles, this recognizance must be considered as a good and legal security. Had it been a bond of indemnity, executed by the defendant, Shaw, to the plaintiff, with the same condition, which is expressed in this recognizance, no one would presume to question its legality and bringing force. The only difference between the two sureties is, that this is a security authenticated with greater solemnity. There must, therefore, be

Judgment for the plaintiff.