### JOSEPH PHELPS *vs.* NATHAN PARKS.

Where a judgement was rendered in a suit against the defendant who was out of the state at the time the suit was commenced, and no notice had been given him except by publication in a newspaper, and the plaintiff, after entering into a recognizance in double the sum recovered in damages, without including the costs, took out an execution, and levied it on the lands of the judgement debtor,—it was held that the execution was not void, and that the plaintiff acquired a valid title to the land by the levy.

Where the plaintiff in *ejectment* claims the premises by virtue of the levy of an execution, and the defendant is a stranger to the title, and does not claim under the execution debtor, he will not be permitted to call in question the correctness of the judgement and execution by virtue of which the plaintiff claims title.

This was an action of *ejectment,* in which the plaintiff claimed title to the premises demanded by virtue of the levy of an execution in favor of the plaintiff against *Joseph Phelps, jr.,* issued on a judgement rendered in Grand Isle county court, April term, A. D. 1828, for the sum of fifteen hundred dollars damages, and costs taxed at twenty nine dollars and fifty-five cents. It appeared that the judgement was rendered on default, the defendant being gone to parts unknown. On trial the defendant's counsel objected to the admission in evidence of the record of the execution and levy, without the plaintiff's first showing that bonds had been given, by way of recognizance, to refund and pay back such sums as might be adjudged against the plaintiff on a writ of review. The court decided that the bond must be produced. It appeared on inspection, that the bond had been taken by the clerk, before the execution issued, for three thousand dollars only. The defendant's counsel objected to the bond on the ground that the amount thereof was not double the amount of damages and costs of the judgement rendered. The court decided that the bond and execution were insufficient and void, and that the plaintiff acquired no title to the land in question by virtue of the levy, and accordingly, ordered a verdict for the defendant. To which decision the plaintiff excepted, and removed the cause to this Court for revision.

After argument, the opinion of the Court was delivered by,

WILLIAMS, J.—In this action the plaintiff claims title under the levy of an execution in his favor against Joseph Phelps, jr. The defendant shows no title; but attempts to impeach the judgement and execution under which the plaintiff claims.

The judgement, on examination of the files and records in the clerk's office, appears to be in every respect regular, and is not liable to any of the objections which have been taken, to wit, that

GRAND-ISLE,
January,
1832.

Phelps
vs.
Parks.

the auditors had not notified the parties of the time and place when they should hear, examine and adjust, the accounts of the parties. If this had not appeared to have been regular, the judgement on which the execution issued, would not on that account have been void. The court had jurisdiction of the parties and of the action by the service of the writ, and the subsequent proceedings had to give notice to the debtor. If they improperly accepted the report of the auditors, or if the auditors proceeded irregularly, their proceedings, or the judgement rendered thereon, might have been set aside, but would not be void.

The principal point on which the county court rendered judgement against the plaintiff, was the alleged irregularity in issuing the execution. The judgement was for fifteen hundred dollars, damages, and twenty nine dollars, fifty-five cents cost. The debtor having been out of the state, both at the time of the service of the writ, and at the time when judgement was rendered thereon, and not having any notice of the suit, except by publication, no execution could lawfully issue, until a recognizance was taken from the plaintiff, in pursuance of the statute. The statute is, that when judgement shall be rendered by default, against a person who has not had personal notice of the suit, execution shall not issue, until the plaintiff shall have given bond by way of recognizance in double the value of the estate, or sum of money recovered, to make restitution, &c. The bond of recognizance, which was taken, was in the sum of three thousand dollars only. The defendant contends that it should have been in the sum of three thousand fifty nine dollars, ten cents, double the amount of the damages and cost, for which judgement was rendered against Jos. Phelps, jr.

If the views of the defendant were correct in relation to the requirements of the statute, the execution which issued in this case would not be void ; but would be and remain good against all persons until set aside for irregularity.

In Connecticut, under a statute similar to ours, it was decided in the case of *Marcy* vs. *Russ, (*1 *Root,* 176,) that an execution, issuing in a case like the one under consideration, was not void ; but a levy on lands by virtue of such an execution conveyed a good title. This decision is recognized as law in that state by *Chief Justice Swift,* in his digest, (*p.* 154.) The case of *Johnson* vs. *Harvey,* (4 *Mass.* 483,) under a like statute in Massachusetts, is an authority to the same effect. The cases of *Farnham* vs. *Morrison,*(2 *Ld. Ray.* 1138 ;) *Johnson* vs. *Lascre,*(*Ld. Ray.*

GRAND-ISLE,
January,
1832.

Phelps
vs.
Parks.

1459, and 2 *Strange*, 785 ;) *Young* vs. *Shaw*, (1 *D. Chip*. 224,) show, that a recognizance may be good at common law, though not strictly in pursuance of a statute. This recognizance then was an adequate and sufficient security for Jos. Phelps, jr., the debtor in the execution, though it should be considered as not exactly made in conformity to the statute.

But we are strongly inclined to believe, that this recognizance, was in compliance with the statute. The case of *Dixon* vs. *Dixon*, *(2 Bos. & Pull.* 443,) is an authority for the construction contended for by the plaintiff.

The statute of *James 1. c.* 8, provides, that no execution shall be stayed by a writ of error, unless the person in whose name the same shall be brought, with two sufficient sureties, shall be bound by recognizance in double the sum adjudged to be recovered by the former judgement.

In the case above mentioned it was adjudged, that a recognizance entered into by two sureties, without the principal, and also in double the amount of the sum *recovered for debt*, without regard to the costs, and nominal damages, was good under the statute ; and a writ of error with no other recognizance, than the one above mentioned, was held to be a supercedeas to the execution. The court observed, that the practice had been invariably, such, without objection, and it was too late to overturn it. On another ground, the court would have felt themselves compelled to reverse this judgement.

The defendant is a stranger to the title ; he does not claim under Jos. Phelps, jr., and cannot object to the judgement and execution. The original debtor, for aught that appears, is satisfied with the judgement, with the issuing of the execution, and with his security ; and why should the defendant be permitted to make any difficulty between the plaintiff in this suit, and the person against whom he recovered judgement ? This alone was sufficient to induce us to reverse the judgement of the county court. The other points decided were principally relied on, in the argument ; and it was necessary for us to decide them, if the defendant at any future trial should connect his claim with the title of Jos. Phelps, jr.

The judgement of the county court must<br>be reversed, and a new trial granted.

*Allen & H. Adams*, for plaintiff.

*Smalley & Adams and Brown*, for defendant.