ORANGE FIFIELD *v.* G. W. & R. RICHARDSON.

*Void Execution. Res gesta. Evidence.*

An execution issued for sixty days when it should have been issued for one hundred and twenty days, is void; and the return of the officer upon it that the judgment has been satisfied is void also; and the judgment, notwithstanding all that may be done under such an execution, will stand in full force, precisely as it did before the execution was issued.

The case of *Bond* v. *Wilder*, 16 Vt. 393, approved.

A transaction cannot be considered as ended so long as the parties thereto remain together, and anything according to the usual course of business

remains to be done in regard to it and until thus ended, whatever may be said by the parties concerning it, will be considered a part of the *res gesta*, and admissible in evidence.

DEBT on judgment rendered by a justice of the peace in 1848, and brought into the county court by appeal. Plea, *nul tiel record*, payment, and notice of satisfaction by sale of property on the execution.

Trial by jury, at the January term, 1860, BARRETT, J.,presiding.

The plaintiff introduced testimony tending to prove that in September, 1848, he and others prayed out nine writs of attachment against the defendants, either jointly or severally, upon which their property was attached by a deputy sheriff; that judgments were duly recovered in all the suits, and executions issued and placed in the hands of the same sheriff, who, by vitrue thereof, sold all the property of the defendants, and to the amount of forty three dollars and fifty-nine cents more than enough to satisfy all the executions in his hands, which were returned satisfied in full ; that afterwards the defendants employed one David Holbrook to collect back the money that was in the officer's hands, and also damages for selling more property than was required to satisfy the executions ; that Holbrook commenced an action against the plaintiff in this suit and the deputy sheriff for selling the hay of G. W. Richardson, and that the same was settled on the eighteenth day of June, 1849, by Fifield's paying to Holbrook the sum of ninety-two dollars, and that the parties thereupon executed receipts in full for said trespass on the one part, and in full discharge of the execution on the other.

The plaintiff's evidence further tended to show that in the fall of 1849, David Holbrook made claim on Fifield, that his (Fifield's) execution issued on the judgment upon which this suit was founded, was void, as it ran but sixty days, instead of one hundred and twenty, and insisted upon having the money paid thereon refunded to him by virtue of his having a subsequent attachment on the same property, and also by authority as agent for the Richardsons, and that Fifield yielded to the demand, and paid back the money to Holbrook. It further appeared from the testimony of the plaintiff, that this demand and payment took place in his store, in the month of January or February 1850,

in the evening, and that after the payment of the money to Holbrook, he demanded a receipt therefor ; that Holbrook declined to give him one, saying that the papers all showed, and the persons there present might all understand, that Fifield had paid him the money on said illegal execution.

The plaintiff then introduced Timothy Hancock as a witness who testified that subsequent to the year 1849, and prior to the spring of 1852, sometime in the fall or winter, in the evening, he went into the plaintiff's store, and that Holbrook was there ; that he (the witness,) was already acquainted with the history of the plaintiff's illegal execution ; that as he went into the store, the plaintiff said to him, (the witness,) " I have just paid the money to Holbrook on the old illegal execution," to which Holbrook replied, " yes, Fifield has paid it, and I have got the money. Fifield, after inquiring all round, has finally concluded to pay me the money on it ;" that Fifield then said, " I don't know but I ought to have a receipt ;" that Holbrook replied : " The execution and all the papers show, and these witnesses all know, you have paid the money, and there is no need of a receipt," to which Fifield responded, " perhaps it is well enough ;" that the witness did not see the money paid, and did not know how much was paid.

After this testimony was given, the counsel for the defendants objected to it, on the ground that it was of admissions and sayings of Holbrook after the fact of the payment of the money, and therefore, if he was acting as agent of the defendants, not competent to affect or bind them, which objection was overruled by the court, and the evidence submitted to the jury under instructions hereinafter set forth.

The plaintiff also gave evidence tending to show that Holbrook had authority from, and acted as the agent and in behalf of, the defendants, in getting back the money from the plaintiff, by reason of the illegality of the execution.

It appeared from a duly certified copy of the execution in question, that it was made returnable in sixty days.

The defendants' evidence tended to show that after the sale of the property on said execution in 1848, they were informed there was a balance in the hands of the officer, or of Fifield, to the

amount of between forty and fifty dollars; that they sold the claim for the same to Holbrook; that Holbrook commenced a suit in trespass which was settled by Holbrook as their agent, and that the receipts passed as before stated; that afterwards, on the first day of August, 1859, G. W. Richardson deeded to Holbrook his farm in full settlement of all claims between them; that after this settlement the defendants never gave any authority to Holbrook to collect anything from Fifield, and that they never knew there was an illegal execution, or that any money had ever been collected on the same, and that Holbrook had never accounted to them for any money so received of the plaintiff.

On the issue joined to the court on the plea of *nul tiel record*, the court found there was such a record and rendered judgment accordingly, to which there was no exception.

The defendants' counsel requested the court to charge the jury:

1. That the debt being satisfied of record, debt on judgment could not be sustained; that the proceedings must be by some process to correct the record.

2. That the fact that execution was made returnable in sixty days did not render the sale absolutely void; that it was a good payment of the debt until vacated by the defendant, and that acquiescence in the sale for more than six years made it a valid payment.

3. That the settlement of June 18, 1849, amounted to an accord and satisfaction of the debt, and was a payment of the same by the agreement of all parties, and no party to that settlement could vacate the same, though the execution was returnable in sixty days.

4. That the settlement of June 18, 1849, was a final settlement of the execution, and the defendants could not afterwards compel a repayment, and if the plaintiff repaid the money to them or to Holbrook as their agent, it was a voluntary payment, and could not be recovered back.

5. That if the jury should find that the defendants sold to Holbrook all claims and rights of suit against the plaintiff, in the fall of 1848, they having no knowledge of any defect in the

execution; and in pursuance of that authority, Holbrook commenced the suit in trespass, and made the settlement of June 18, 1849, and on the first of August following the defendants and Holbrook made the settlement, and the defendant, G. W. Richardson, deeded his premises to Holbrook in settlement, then Holbrook's authority ceased, unless the jury should find that the defendants gave new authority to Holbrook to collect back the money.

6. That the settlement of June 18, 1849, operated as a discharge of the judgment, and that if the jury should find that Holbrook afterwards, with the knowledge and consent of the defendants, demanded the money on said execution, and that the plaintiff yielded to the demand, it would not have the effect to revive the judgment, so that the action of debt could be sustained thereon, but that if any action could be sustained it must be assumpsit to recover back the money.

The court declined to charge as requested, but, among other things not excepted to, charged in substance, that the execution of the plaintiff against the defendants was void by reason of being made returnable in sixty instead of one hundred and twenty days; that the officer's return upon it did not operate as a satisfaction of record, such as would preclude the right of an action of debt on said judgment; that though this execution was of no effect of its own vigor as a legal process, still, as the plaintiff under it received the money in satisfaction of his judgment it was competent for the parties to assent to and treat the receipt of the money as such satisfaction; that it was agreed on both sides, that in the adjustment of June 18, 1849, it was so treated as evidenced by the plaintiff's receipt to the defendants of that date, and that if the defendants have permitted the money to remain in the plaintiff's hands as such satisfaction, the plaintiff cannot recover; but that, if the defendants, by themselves or by their agent duly authorized in that behalf, have claimed of the plaintiff that he had no right to the money for the reason that his execution was illegal, and have insisted on his paying it back, and the plaintiff has yielded to said claim and paid back the money in pursuance and by reason of it,—in other words, if the defendants, on the ground that the plaintiff's execution was

illegal and gave him no right to take and hold the money in satisfaction of his judgment, have insisted upon undoing the adjustment of June 18, 1849, and have repudiated it as operating as a satisfaction of the plaintiff's judgment and have claimed the money back, and by reason of such repudiation and claim, have recovered back the money,—the plaintiff's judgment should be regarded as being unsatisfied ; that if it was thus claimed and recovered back by Holbrook as the agent of the defendants, by their authority and in their behalf, it was of the same effect as if done by themselves ; but if Holbrook made claim that the money should be paid to him by the plaintiff on the ground of a right to it by reason of his having attached the property subsequently to the plaintiff out of which the money had been realized, and it was in pursuance and by reason of that claim that the plaintiff paid over the money to Holbrook, the defendant would not be affected by it, and the plaintiff's judgment should still be regarded as satisfied by the money he was holding for that purpose by the assent of the defendants ; that, in order to entitle the plaintiff to recover, the jury must by satisfied from the evidence that the money had been withdrawn from the plaintiff by the authorization, with the assent, and in behalf of the defendants, in repudiation and denial of the plaintiff's right to hold it in satisfaction of his judgment.

As to the testimony of Hancock, the court charged the jury that the sayings and admissions of an agent in connection with, and as part of, the execution of the business of his agency, are evidence by which his principal may be affected ; but what such agent may say as to past transactions in the execution of his agency, are not entitled to be treated and regarded as evidence of such transaction, as against his principal ; that in the present instance, if the jury should find that when Hancock went into the store the transaction going on between the plaintiff and Holbrook was then still in progress, and the plaintiff was, as the consummation of the business, requiring Holbrook to give him a receipt, then, what was passing between the parties by way of requiring a receipt and the calling of witnesses to what the transaction was, as a substitute and reason for not giving a receipt, must be regarded as part of the *res gesta*, and the testimony of Hancock as to what was thus being transacted between

---

---

the plaintiff and Holbrook was proper to be considered upon the question, whether, in point of fact, the money was paid over by the plaintiff to Holbrook, in case from the other evidence the jury should find that Holbrook was the agent of the defendants and acted under their authority and in their behalf, for the purpose of obtaining from the plaintiff the money he had received and was holding under his execution against the defendants,—otherwise, they would lay his testimony out of the case.

To the neglect of the court to charge as requested, and to the portions of the charge above set forth, the defendants excepted. Verdict for the plaintiff for the amount of the judgment declared upon.

*J. A. Wing,* for the defendants.

*Peck & Colby,* for the plaintiff.

ALDIS, J. The first question raised in this case is, whether an execution issued for sixty days, when its hould have been for one hundred and twenty days, is void.

After the elaborate argument which was made in *Bond* v. *Wilder,* 16 Vt. 393, and the brief and positive reaffirmance in that case of our old decisions that it is void, " we shall not now suffer that point to be stirred."

The execution being void, the return of the officer upon it, that the judgment was satisfied, is void also ; and the judgment for all that was done under that execution stands in full force, precisely as it did before the execution was issued and. the void proceedings had under it.

The first two requests to charge · were therefore erroneous, and the charge in this respect was right.

The third request of the defendants, that the jury should be told that the. settlement of the 18th of June, 1849, operated by the agreement of the parties to make the receipt of the money by the plaintiff on the execution a satisfaction and payment of the judgment, was complied with by the court. If nothing further had appeared in the case, the plaintiff must have failed in his suit.

Fifield *v.* Richardson et al.

The next request, that the subsequent payment of the money back to the defend.nt's agent by the plaintiff, was a voluntary payment so that the judgment can not be enforced,—is clearly untenable.    The defendants, through Holbrook as their agent, wholly repudiated the settlement of Jun.> 18th, and claimed the repayment of the money, and threatened to b.ing a suit to collect it.    The plaintiff yielded to their claim rather than have a law-suit upon that point.    By mutual agreement that settlement was unsettled, or rather was treated as if it had never been,—the money was paid back not upon the ground that the judgment was extinguished,—but in reality upon exactly the opposite ground that the plaintiff could not hold the money either by virtue of the execution, or by virtue of payment and satisfaction in the settlement ;  but that the  money  belonged  to  the defendants. Receiving the money upon this ground, the defendants must be bound by the necessary legal results of their position, viz :— that if the money has never been applied either through the exe-cution or the settlement, so as to belong to the plaintiff, then the judgment has never been satisfied, but has always remained in force.

It is claimed now that the judgment was extinguished by the settlement, and that if the plaintiff and defendants afterwards agreed to have the money paid back to the defendants upon the basis that it was not so extinguished, such acts of the parties would not revive the judgment, but would give the plaintiff the right to recover back the money in an action of assumpsit.  But how could the plaintiff recover back this money upon any such implied promise, when the understanding upon which he repays it is, that it is not his money, but belongs to the defendants, and is paid to them with full knowledge on both sides of all the facts, and upon claim made by defendants and conceded by the plain-tiff, that the plaintiff had acquired no right to retain it either by the execution or the settlement ?   The nature of the transaction precludes any such recovery ; and unless the judgment is held to have been kept alive and to be now in force, the plaintiff is remediless, whilst the defendants keep their money and yet pay their debts.

The acts and claims of the defendants, by which they obtained

28

the money, estop them from now setting up either the execution or the settlement to the prejudice of the plaintiff. They have induced the plaintiff to act upon the basis of their claims. They must thereby be estopped from denying the facts upon which they induced the plaintiff to act, and must be bound by the necessary consequences resulting from the existence of such facts.

In regard to the agency of Holbrook, and that the money must have been paid to him not on account of his attachment, but as agent of the defendants and upon their claim, the charge of the court was in compliance with the defendant's request.

But one question remains,—the admissibility of Hancock's testimony. He did not see the money paid by the plaintiff to Holbrook, but immediately after its payment he came into the room, heard both parties say that it had been paid—heard the plaintiff demand a receipt to be preserved as a voucher, heard Holbrook decline giving one on the ground that it was not necessary, and that the persons who were present (of whom Hancock was one,) were all witnesses to the fact that he had paid the money; and heard the plaintiff assent to the suggestion as "well enough." The transaction could not be considered as ended so long as on the occasion of the payment and before the parties had separated anything according to the usual course of business remained to be done in regard to it. The giving of a receipt on the payment of money, or on the settlement of a claim, is according to the usual course of business. It was a voucher which the plaintiff had a right to demand and which the agent of the defendants ought to have given. Until it was given, or waived by the plaintiff, the transaction was not finished. When Holbrook proposed to refer to the persons then present as witnesses, whose recollection should stand in lieu of the receipt, and Fifield assented, then, and not till then, was the transaction ended. The evidence was clearly admissible, and the charge of the court was at least as favorable to the defendants as they could claim.

Judgment affirmed.