EZRA W. PERRY *v.* CHARLES A. WHIPPLE.

*Execution.     Judgment.     Record.     Evidence.*

A misdescription in an execution of the judgment on which it issued, which was taken by confession, in omitting the twenty-five cents for taking and recording the confession, is not sufficient to avoid the execution, there being no misdescription in the sums named as damages and costs.

The justice by whom judgment was rendered died before execution issued, and the execution was signed by D. as *justice of the peace,* but who was in fact county clerk at the time of signing. *Held,* that a levy on real estate by virtue of such an execution was void.

A levy may be void by reason of the execution and levy not being correctly recorded, and the original execution is admissible to show the record was not correctly made.

In ejectment the plaintiff who has no prior possession to aid him, must show title in himself, even against one in possession without title, unless he can show that the defendant is in under him.

The plaintiff claimed title by virtue of an attachment and levy of execution; the defendant by virtue of a vendue deed from a collector of taxes, and was in pos-

Perry *v.* Whipple.

session. *Held,* that the plaintiff's levy being so defective as to render it void, the defendant may insist on the defect in the plaintiff's title the same as the plaintiff may insist on the invalidity of the defendant's vendue title.

Some objections to a levy referred to which do not render it void.

EJECTMENT for lot No. 49 in Newark. Plea, the general issue, and trial by court, Caledonia county, December Term, 1864, POLAND, Ch. J., presiding. The plaintiff claimed title by virtue of an attachment and levy of an execution in his favor against Daniel Whipple. The main facts in the case sufficiently appear in the opinion of the court.

On trial the defendant offered in evidence the original execution upon which said levy was made for the purpose of showing that the execution was not correctly recorded. The plaintiff objected to the same, claiming that it was not admissible at least for the purpose of contradicting anything that appeared upon the record; but the court overruled the objection and admitted the same,—to which the defendant excepted. It appeared that the original execution was signed by Charles S. Dana, justice of the peace, the justice by whom judgment was rendered having died before execution issued, and the said Dana at the time of signing said execution was county clerk.

The plaintiff's counsel thereupon moved the court to direct said execution to be amended, by striking out the words "justice of the peace," after the name Charles S. Dana, and substituting "clerk of the county court."

The defendant's counsel moved the court to direct that the record of the execution be amended by striking out the words "clerk of the county court" and inserting the words "justice of the peace," so as to make the record correspond with the original execution; but the court declined to grant either motion. The defendant's counsel also claimed that the levy was void for the reason that the execution appeared to have been issued by Mr. Dana as justice of the peace and not as county clerk. And also that said execution and levy were void because said execution was not issued for the same amount of costs that the judgment was confessed. The court, *pro forma,* decided that said execution and levy were legally valid and regular,— to which the defendant excepted.

The court rendered judgment for the plaintiff to recover possession

of so much of said lot No. 49, and the mill privilege thereon, as is covered by his levy and for the rents and profits thereof $50.00,—to which the defendant also excepted.

*G. C. & G. W. Cahoon,* for the defendant, insisted that the execution upon which the officer acted in making the set off is absolutely void. There is no provision that another justice may issue an execution in case of the decease of a justice. Neither is the record to be taken as evidence, which is not made agreeable to the fact, when the original execution speaks for itself, and the county court were correct in refusing to have the original execution upon which the return was made altered to conform to a mistake of the clerk in recording the same. Neither are the court to presume a mistake in the magistrate who issued the execution. *McGregor* v. *Balch,* 14 Vt. 428 ; *Fifield* v. *Richardson et al.,* 34 Vt. 416 ; *Bond* v. *Wilder,* 16 Vt. 393. The levy of an execution upon real estate is a proceeding *in invitum ;* the requirements of the statute are in the nature of a condition precedent, and must have been strictly complied with. *Morton* v. *Edwin,* 19 Vt. 77 ; *Spear, Adm'r,* v. *Litty,* 9 Vt. 282 ; *Bellows* v. *Elliott et al.,* 12 Vt. 569 ; *Isaacs, Adm'r,* v. *Willey et al.,* 12 Vt. 677.

Again, we contend the county court erred in their refusal to hold that said execution and levy were void because said execution was not issued for the same amount of costs that the judgment was confessed. An execution which misdescribes the judgment as to sums, is void. *Wilson et al.* v. *Fleming,* 16 Vt. 649 ; Vt. Dig., vol. 2, p. 321, § 7; *Sherwin* v. *Bliss,* 4 Vt. 96. For these reasons therefore the plaintiff is without title to the demanded premises. "And without title he is not entitled to recover a part of the land by showing that the defendant is in possession of it without right." *Adm'r of Tryon* v. *Tryon et al.,* 16 Vt. 313.

*A. J. Willard,* for the plaintiff.

Can the defendant impeach or contradict the record which the plaintiff produced to establish his title? The plaintiff claiming title to the land by levy of execution, he could only establish the same by a copy of the record of the levy as decided in the case of *Morton et al.* v. *Edwin,* 19 Vt. 77, and various cases there cited.

We say that the record is conclusive and certainly cannot be at-

tacked in an issue which is collateral and by one who is an entire stranger to it.  *Perrin* v. *Reed*, 33 Vt. 62 ; *Briggs* v. *Green, ib.* 365 ; *Russell* v. *Brooks*, 27 Vt. 640 ; *Willard* v. *Lull*, 20 Vt. 376 ; *Pratt* v. *Jones*, 22 Vt. 341 ; *Paddleford* v. *Bancroft, ib.* 529.

Again we say that the defendant being a mere trespasser cannot attack the record or any defects in the levy as was fully decided in the case of *Phelps* v. *Parks*, 4 Vt. 488.

The opinion of the court was delivered by

PECK, J.   The action is ejectment for lot No. 49 in Newark.   The plaintiff claims title by virtue of an attachment and levy of an execution in his favor against Daniel Whipple.    It appeared on trial that Daniel Whipple, at the time of the plaintiff's attachment and levy, owned the lot, unless the defendant acquired title to it by virtue of a vendue deed from the collector of taxes of Newark.   The court having decided the defendant's title invalid, and the exception to that ruling not being insisted on here, the question is as to the validity of the plaintiff's levy as against the defendant.

The defendant objected to the record of the levy introduced by the plaintiff, on the ground that it appeared that the execution misdescribed the judgment on which it issued in respect to the amount. The judgment is a judgment by confession before D. Bowker, justice of the peace, entered upon a writ which the plaintiff had caused to be issued and served on the execution debtor.    The record states that " Daniel Whipple confessed himself indebted to Ezra W. Perry on a note," (describing it,) " in the sum of $219.09 debt and $5.76 costs of this process, whereupon it is adjudged by said justice that the said Perry recover of the said Daniel Whipple the said sum of $219.09 debt and $5.76 costs, and twenty-five cents more for taking and recording said confession, whereof the said Perry may have execution."   The record of the execution introduced by the plaintiff, as well as the original execution given in evidence by the defendant, shows that the execution recites the judgment correctly as to the amount of debt or damages and costs, except that it omits entirely the twenty five cents for taking and recording the confession.   For this variance between the judgment and execution the defendant's counsel insist the execution and levy are void.

It has been held in several cases in this state that a misdescription in an execution of the judgment on which it issues, is sufficient to avoid the execution. In *Wilson et al.* v. *Fleming*, 16 Vt. 649, the variance was in the amount of the judgment. The judgment was for $23.15 damages and $3.45 costs, and the execution recited it as for $23.82 damages and $3.45 costs; a difference of sixty-seven cents in the damages. The court held that that avoided the execution. It is true that was an *audita querela* brought to set aside the execution, but the ground on which the court rest the decision indicates clearly that they regarded the execution not merely voidable, but void so far as the creditor is concerned. The language of the judge delivering the opinion is this : " When the judgment is thus misdescribed, it is the same as if there was no judgment upon which the subsequent proceedings rested ; for in fact there is no *such* judgment *as is recited.*" That case must control this unless this case be distinguished from that. In that case the misdescription was in the amount of an entire indivisible sum. In this case the amount specified in the record of the judgment as damages is correctly recited in the execution, and so as to the $5.76 described in the judgment as costs of process. The only misdescription, if it can be called such, is the omission to name the twenty-five cents for confession which does not enter into either of the sums above named, but is named in the record of the judgment separately. There is no actual misdescription of either of the sums named in the record of the judgment, and the court are of opinion that the omission in the execution of the twenty-five cents for confession, is not sufficient to destroy the apparent and legal identity of the judgment shown by the record and that recited in the execution. The execution is not void for this cause.

The only remaining objection to the levy is that the execution was void because signed by Charles S. Dana, justice of the peace, he having no authority to sign the execution in that capacity. The judgment having been rendered by Daniel Bowker, justice of the peace, and he having died before the execution issued, the county clerk had authority by statute to issue the execution, but a justice of the peace had no such authority. Dana was in fact county clerk at

Perry *v.* Whipple.

the time he issued the execution. Although the execution was signed by the person authorized to issue it, yet it did not purport to be signed by one authorized, as Dana had no authority to sign it as justice of the peace. The question is whether a levy on real estate by virtue of such an execution is valid. Considering that the statute requires the execution and proceedings of the officer under it to be recorded in the town clerk's office among the records of land titles, as well as in the office where it issued, we think this levy cannot be sustained. The statute contemplates that the town records shall furnish evidence of the transfer of the title by the levy. So far as the proceedings are required by statute to be recorded in the town clerk's office, the record ought to show the levy apparently good. This execution and levy if truly recorded in the town clerk's office, as the law requires, would show that it was made upon an execution issued by a justice of the peace upon a judgment rendered by another justice who deceased before the execution issued.

*Prima facie* such a levy must be regarded as void, as no such execution could lawfully issue. If an execution returnable in sixty days when it should be one hundred and twenty days, is void, so that even the officer executing it cannot justify under it, as is decided in *Bond* v. *Wilder*, 16 Vt. 393, and again in *Fifield* v. *Richardson*, 34 Vt. 410, it is impossible to sustain a levy under the execution in question, provided the evidence offered by the defendant to show how the execution was signed is admissible.

By the record of the execution and levy from the county clerk's office, introduced by the plaintiff, the execution purports to be signed "*Charles S. Dana, county clerk.*" The defendant offered the original execution and levy thereon to show that the execution is signed *Charles S. Dana, justice peace*, and not by him as *county clerk*, and it so appears by the original execution which the officer levied. The plaintiff objected to this on the ground that the record of the execution and levy was conclusive that the execution was signed as the record he had introduced indicated. This objection cannot prevail. It is indispensable to the validity of a levy on real estate, that the execution and levy be recorded in the town clerk's office and in the office from whence it issued. These are acts which the creditor must procure to be done to perfect his title under the levy. A copy

of the record duly certified by the recording officer to that effect, is *prima facie* proof that the paper has been correctly recorded and at the time indicated. But *Morton & Clark* v. *Edwin*, 19 Vt. 77, decides expressly that such record of the justice who issued the execution may be contradicted by parol evidence as to the time when the execution and levy were recorded. More clearly is it in this case competent to show that the execution was not correctly recorded, when the proof offered is not parol evidence, but the original execution from which the record was made. A levy may be void by reason of the execution and levy not being correctly recorded. If the record is conclusive proof that the original is the same as the record, a party never could show that the execution and levy had not been truly recorded. In such cases the question is to be determined by comparing the record with the original from which it was made. Should a town clerk by mistake or otherwise, in recording a deed, misdescribe the premises, the grantor would not be bound by the record in face of the original deed, even as between him and one who afterwards purchases on the faith of the record. Nor can a levying creditor, sheriff or recording officer, under a void execution, by so recording it as to cure the defect on the record, estop the other party from showing what the original is, by the production of it on trial. The original is evidence of its own contents, notwithstanding it has been incorrectly recorded.

It is further insisted by the plaintiff's counsel that as the defendant is in possession without title, and not a party to the judgment and levy, he is not at liberty to make these objections to the levy. But in ejectment the plaintiff who has no prior possession to aid him, must show title in himself, even against one in possession without title, unless he can show that the defendant is in under him. Such is the condition of these parties. The plaintiff's levy being so defective as to render it void, the defendant has a right to insist on the defect in the plaintiff's title; the same right that the plaintiff has to insist on the invalidity of the defendant's vendue title under which the defendant claims. There are undoubtedly some objections to a levy that do not render it void, but only voidable at the election of the execution debtor, under some appropriate proceeding brought to vacate it. In such case the levy cannot be attacked collaterally by a

stranger. Such is the case of *Phelps* v. *Parks*, 4 Vt. 488, cited by the plaintiff's counsel. The plaintiff in that case recovered judgment against Joseph Phelps, Jr., while the defendant in that suit was out of the state, with no notice to the defendant except by publication, for $1500. damages and $29.55 costs. By the statute the plaintiff was required to give bond by way of recognizance in double the sum of money recovered, before taking out execution. · He furnished the recognizance in $3000., double the amount of damages, but not double the aggregate amount of damages and costs. The defendant was in possession without title, and did not connect himself with the title of the execution debtor. The court decide in the first place that if the views of the defendant's counsel were correct, that is, that the bond should have been double the amount of debt and costs, the execution would not be void, but would be and remain good against all persons until set aside for irregularity; and cite *Marcy* v. *Russ*, 1 Root, and *Johnson* v. *Harvey*, 4 Mass., showing that in Connecticut and Massachusetts such was the decision under similar statutes. They next say they are strongly inclined to the opinion that the bond in double the amount of the damages is sufficient, and cite *Dixon* v. *Dixon*, 2 Bos. and Pull. 443, showing that that construction is put on a similar statute in England relative to writs of error. The court then say, upon another ground they should have been compelled to reverse the judgment, that is, that the defendant is a stranger to the title and cannot object so long as the execution debtor, for aught that appears, is satisfied with the security. It will be, noticed that in that case the defect, if any, was not in the judgment, execution or levy. They were all perfect. The alleged defect was in a matter entirely collateral, in the bond given to ensure the refunding of the money, should the debtor on a writ of review show the judgment wrongfully recovered. That case is distinguishable from a case like this, where the defect is in the execution, in a part of the record title, rendering the levy void. The judgment of the county court is reversed. As this case was tried by the court, we might proceed to render judgment for the defendant, but as a final judgment for the defendant might possibly embarrass the plaintiff in seeking to remedy the defect in the levy, if it can be

remedied, we conclude to reverse the judgment and send the case back. This disposition of the case, however, is not to be construed as an indication of an opinion that the plaintiff has any such remedy. Upon this question, it not being before us, we express no opinion.

Judgment reversed and new trial granted.