## LAWRENCE MYERS and WIFE v. W. G. LYON & CO.

### *Amendment.*

Defendants were summoned to answer to "Lawrence Myers and Emily Myers." The declaration contained the common counts for money had and received, money lent and accommodated, &c. Plaintiffs moved to amend by inserting after the words, *Emily Myers,* the words, *wife of said Lawrence Myers,* and by striking out the entire declaration, and substituting therefor counts on a loan by the wife while covert, of money that was her sole and separate property, and the amendment was allowed. *Held,* that as no different form of action and no new parties were thus brought in— both declarations showing a cause of action in favor of both plaintiffs against both defendants for the loan of money—the amendment was properly allowed.

ASSUMPSIT, brought to the April Term, 1876, Franklin County. Defendants were summoned to answer to "Lawrence Myers and Emily Myers." The declaration contained the common counts

for money had and received, money lent and accommodated, &c. The case was continued from term to term until the April Term, 1877, when the plaintiffs moved for leave to amend the writ by adding after the words, *Emily Myers*, the words, *wife of said Lawrence Myers*, and to amend by striking out the original declaration and substituting therefor a declaration on a loan by the wife while covert, of money that was her sole and separate property.

The court, ROYCE, J., presiding, allowed the amendment; to which the defendants excepted.

*C. P. Hogan*, for the defendants.

If the court exceeded its discretion, it committed a revisable error. That must be determined by inspection of the record; and it must affirmatively appear from a comparison of the new counts with the old, that the new counts are for the same cause of action. *Hill* v. *Carpenter*, 34 Vt. 535; *Austin* v. *Burlington*, 34 Vt. 506; *Albers* v. *Whitney*, 1 Story, 310.

By the amendment in the writ an entire change in the relation of the plaintiffs to each other and to the defendants was created. Suits must be brought by parties in the capacity in which they make the contract they are seeking to enforce. *Leonard* v. *Jones*, 27 Ga. 309; *Roach* v. *Randall*, 45 Me. 438; *Redington* v. *Farrar*, 5 Greenl. 379; *Jones* v. *Sharfton*, 7 Rich. 343; *Johnson* v. *Mayrant*, 1 McCord, 484; *Knapp* v. *Levanway*, 27 Vt. 298; *Martin* v. *Russell*, 3 Scam. 342.

The original writ and declaration were perfect both in form and substance, and needed not to be amended in either respect. There was, therefore, no warrant for permitting the plaintiffs to file the new declaration. *Williams* v. *Hollis*, 19 Ga. 313.

After the allowance of the amendment to the writ, the writ and declaration would have been bad on general demurrer. The objection to the filing of the new declaration was therefore well taken, there being nothing left to amend by. *Giddens* v. *Mirk*, 4 Ga. 364; *Dean* v. *Swift*, 11 Vt. 331.

The old declaration and the new one could not have been joined.

35

They are wholly inconsistent with each other.    *Ball* v. *Claflin*, 5 Pick. 303.

The legal relation of the parties and the nature and cause of action were changed by the amendments.    *Carpenter* v. *Gookin*, 2 Vt. 495 ; *Emerson* v. *Wilson*, 11 Vt. 357 ; *Bowman* v. *Stowell*, 21 Vt. 309 ; *Martin* v. *Russell*, 3 Scam. 342 ; *Grassin* v. *Eckhart*, 1 Binn. 575 ; *Butterfield* v. *Harvell*, 3 N. H. 201 ; *Roach* v. *Randall*, *supra*.

Under the new declaration, the plaintiff Emily might maintain the action in her own name alone, unless the nonjoinder of her husband should be pleaded in abatement.    It follows that the cause of action alleged in the new declaration is different from, and inconsistent with, that alleged in the old.    *Dalton* v. *Midland Counties Railway Co.* 13 C. B. 474.

That the plaintiffs intended to recover a debt due to the said Emily in " her sole and separate right," can make no difference. *Dewey* v. *Nicholas*, 44 Vt. 24 ; *Redington* v. *Farrar*, *supra*.

———, for the plaintiffs, cited Gen. Sts. c. 30, s. 41 ; *White* v. *Waite*, 47 Vt. 503 ; *Bowman* v. *Stowell*, 21 Vt. 309 ; *Skinner* v. *Grant*, 12 Vt. 456 ; *Montgomery* v. *Maynard*, 33 Vt. 450 ; *Lewis* v. *Locke*, 41 Vt. 11.

The opinion of the court was delivered by

BARRETT, J.    The motion embraced two subjects—one to amend the writ so as to show the character in which the female plaintiff joined in the suit, the other to amend the declaration by setting forth the particulars of the alleged loan of money to the defendants, constituting the cause for which the action was brought. The husband and wife were plaintiffs in the original writ.    They were to be so in the amended writ.    All that was done by the amendment was to show the fact of the female plaintiff being the wife of the other plaintiff.    This was not changing plaintiffs or either of them, and it was proper, in order to answer a technical rule, making the coverture the ground of joining the parties as plaintiffs.    The original declaration alleges a loan to the defendants as the ground of a promise *implied by law*, but not made in

fact by the defendants. The amended declaration alleges a loan of money to the same defendants as the ground of a like implied promise. Both declarations show a cause of action in favor of both plaintiffs against both defendants for the loan of money. The purpose and need of the amendment was to avoid objection to the evidence showing what the transaction of the alleged loan was, and that by virtue of such loan the husband and wife, by technical rule, ought to be joined as plaintiffs. We think such amendment is not obnoxious to any of the objections urged against it. It is bringing no new parties and no new cause or different form of action into the suit, but is only removing ground and occasion for technical objections that do not touch the merits of the cause of action, or the substantial grounds of the form of the action. In these respects this case differs widely from the case cited from Georgia, and in such way as to render that case no authority in this, either in respect to principle or on the score of analogy. In each of the respects in which the amendment was allowed, it was justified by the principle and analogy of cases in this State, and, but for the fact that the two amendments were asked in the same motion, it seems hardly supposable that either would have been deemed by learned counsel as unwarranted by usage under the law governing the subject of amendments.

*Judgment affirmed, and cause remanded.*