JAMES M. JONES AND WIFE *v.* ELI TUTTLE.

*Wife as Co-plaintiff. Demurrer. Amendment.*

1. To entitle a wife to join as a co-plaintiff with her husband there must be such allegations as show that she has an interest in the cause of action.
2. The court can allow an amendment to the declaration after a hearing on general demurrer.
3. When the misjoinder appears by the pleadings, advantage may be taken of it, by demurrer.
4. R. L. S. 907, amendment construed.

HEARD on demurrer to the declaration, June Term, 1881, POWERS, J., presiding. The court overruled the demurrer, and allowed the plaintiffs to amend their declaration. The action was general assumpsit; and the defendant was summoned " to answer to Matilda J. Jones and James M. Jones, husband of said Matilda J., of, &c."

The opinion of the court was delivered by

ROYCE, Ch. J. This cause was heard upon a general demurrer to the declaration. That there was a misjoinder of plaintiffs was apparent. To entitle a wife to join as a co-plaintiff with her husband, there must be such allegations as show that she has an interest in the cause of action. It has been considered, since the case of *Weller et al.* v. *Baker*, 2 Wilson, 414, that when the wife joins as co-plaintiff with her husband, her interest in the cause of action must be expressly stated.

When the misjoinder appears by the pleadings, advantage may be taken of it by demurrer *Weller et al.* v. *Baker, supra;* Chitty's Pleadings 32 ; *Baird & Wife* v. *Fletcher*, 50 Vt. 603. Hence the demurrer should have been sustained, and the judgment overruling it is reversed.

The defendant excepted to the ruling of the court allowing the plaintiff to amend his declaration. Sec. 907, R. L., we think, confers the power upon the court to allow any proper amendment of the declaration to be made, after a general demurrer to the

declaration has been heard, and before the rendition of a final judgment. We have not been furnished with a copy of the amendment that the plaintiff was permitted to make, but infer from the argument that it was by averring that the wife was the meritorious cause of action, or that she had an interest in the cause of action. It was settled in *Myers & Wife* v. *Lyon & Co.*, 51 Vt. 272, that such amendments were proper to be allowed.

The exceptions to the ruling allowing the amendment to be made are overruled, and the cause remanded.