L H. AND J. P. RICH, EXRS. *v.* ALBERT SOWLES, ADMR.

*Administrator cannot contract debt against estate. Suit and judgment against administrator.*

1. An administrator cannot contract a debt against the estate which he is administering.

2. If a writ and declaration run against A, administrator of B's estate, the writ is against A personally, and not against the estate, for the words "administrator of B's estate" are merely *descriptio personae* and might be rejected as surplusage.

3. So a judgment, following such a writ and declaration, against A "as administrator," is not a judgment against the estate, but against A personally.

General assumpsit. Heard at the September term, 1891, Tyler, J., presiding. The defendant first demurred to the plaintiffs' declaration. The demurrer was overruled and thereupon a trial was had upon the merits by the court, which gave judgment for the plaintiffs. The defendant excepted both to the overruling of his demurrer and the rendition of judgment.

The plaintiff claimed to recover the price of a pair of horses sold the defendant. At the time of the sale the defendant was the administrator of one W. L. Sowles, and was carrying on a farm belonging to the estate of his intestate. The horses were bought for use on this farm. The sale was by letter. The plaintiffs' intestate addressed the defendant as, "A. Sowles, Admr.," and the defendant signed, "A. Sowles, Admr." The writ and declaration ran against "Albert Sowles, administrator of W. L. Sowles' estate," and the court rendered judgment against the defendant "as administrator."

*E. A. Sowles* and *H. A. Burt*, for the defendant.

An administrator cannot be sued at law as administrator. *National Bank* v. *Weeks*, 53 Vt. 115; *Freeman* v. *Holt*, Wind-

sor county, 1879; *Lovell* v. *Field*, 5 Vt. 218; *Luscomb* v. *Ballard*, 5 Grey, 405; *Sumner, Admr.*, v. *Williams*, 8 Mass. 162; *Foster* v. *Fuller*, 6 Mass. 58; *Taylor* v. *Mygatt*, 26 Conn. 184.

*S. E. Royce*, for the plaintiff.

In any event the defendant is personally liable. *Lovell* v. *Field*, 5 Vt. 218.

The words administrator, etc., may be rejected as surplusage. *Myers* v. *Lyon*, 51 Vt. 272; *Jones* v. *Tuttle*, 54 Vt. 488; *Johnson* v. *Nash*, 20 Vt. 40; *Waterman* v. *Conn. & P. R. R.*, 30 Vt. 614.

But the defendant is also liable as administrator at the election of the plaintiff. Schouler Exs. and Admrs., s. 363; *De-Valengin* v. *Duffy*, 14 Pet. 282.

The opinion of the court was delivered by

ROSS, Ch. J. The declaration sets forth a good cause of action, and was properly adjudged sufficient against the causes alleged in the demurer. It commands the attachment of the goods, chattels or estate of Albert Sowles, administrator of Wm. L. Sowles' estate, and not of the estate of Wm. L. Sowles, of which Albert Sowles is administrator. The words administrator of Wm. L. Sowles' estate, are descriptive of the person named, as the defendant in the suit. If by chance there were two persons of that name in that locality, these descriptive words would direct the officer serving the writ to the person intended. The common counts in general assumpsit, constitute the declaration. Those declare that the defendant, viz: Albert Sowles, and that one who holds the office of administrator on the estate of Wm. L. Sowles, is indebted, and made the promises, to the testator, whose will the plaintiffs are executing. The plaintiffs do not declare, nor seek to recover upon a promise or undertaking of Wm. L. Sowles, the intestate, of whose estate Albert Sowles is administrator. Inasmuch as the defendant is the legal representative of the estate of Wm. L. Sowles, if

the declaration sought a recovery upon the promise or undertaking of the intestate, it would be necessary to describe him as such representative. Then the recovery would be against the estate, or the defendant as the representative of the estate. The judgment in such a case, would be against, and to be satisfied out of the estate, and not out of the property of Albert Sowles. The words "administrator of Wm. L. Sowles' estate" in such an action would be descriptive of the capacity in which Albert Sowles was sued, and that he stood as the representative of the estate of Wm. L. Sowles. Hence, when these words in the declaration, follow the name of the party, whether they will be deemed descriptive of his person, or descriptive of the character or capacity in which he is sued, is determined by the allegations of the declaration. If the declaration is against him personally, they will be held to be descriptive of his person. That is the only office they can serve in such a declaration. They may be rejected as surplusage. If the declaration is against the estate which he represents, and the promises declared upon are not his promises, but the promises of the person he represents, then they will be held to be words properly used, necessary to set forth the representative character in which he is sued. The allegations of the declaration and the facts found show a personal promise by the defendant, and these words are only descriptive of the person intended to be named as defendant. The writ might be amended by striking them out. *Johnson* v. *Nash*, 20 Vt. 40 ; *Waterman* v. *Conn.* & *Pass. R. R.*, 30 Vt. 614 ; *Myers* v. *Lyon*, 51 Vt. 272 ; *Jones* v. *Tuttle*, 54 Vt. 488.

As contended by the defendant, an administrator has no authority, as such representative, to create any debts against the estate. He only has authority by virtue of his office, to administer upon the estate ; that is, to ascertain both its assets, and debts, and to put the former in condition to pay the latter, if sufficient, and the surplus, if any, in a condition to be distributed to those legally entitled thereto. Whatever proper expenditures

he may make in accomplishing this will be allowed him by the Probate Court, out of the estate, on the settlement of his administration account. But, if in caring for and administering upon the estate, it becomes necessary to incur an indebtedness, he can bind himself and not the estate for its payment. He cannot incur a debt, in the administration of the estate, and bind the estate for its payment. He can bind himself only for such payment. Upon his becoming insolvent, equity will not enforce the payment of such a debt out of the estate. *Lovell* v. *Field,* 5 Vt. 218; *National Bank* v. *Weeks,* 53 Vt. 115.

Whether, when .trust or other property not owned by the estate, has become mingled with it, a suit may be maintained for its recovery out of the estate against the administrator in his representative capacity, as was held in *De Valengin* v. *Duffy,* 14 Pet. 289, is not involved in this suit and need not be considered.

The execution for the enforcement of the judgment follows the writ. *Rider* v. *Alexander,* 1 D. Chip. 267; *Perry* v. *Whipple,* 38 Vt. 278; *Wright* v. *Hazen,* 24 Vt. 143. As the writ is against the defendant, not representatively but personally, so must the judgment and execution be. Rendering judgment against the defendant, " as administrator," did not make it a judgment to be enforced out of the property of the estate of which the defendant is administrator, but to be enforced against the defendant's own property. Adding administrator to his name when the defendant purchased the horses, did not bind the estate for their payment, but bound the defendant. No more does such addition to his name in the judgment affect the nature of the judgment, or change it from a judgment to be satisfied out of the defendant's property, to one to be satisfied out of the property of the estate. Such addition in making the contract and rendering the judgment might indicate that the debt was contracted by the defendant, in administering upon the estate, and that he claimed that it constituted an item in his administra-

tion account.  It might be rejected as surplusage, or by way of amendment, without changing the legal nature of the contract or judgment.

This disposes of all the contentions insisted upon in this court.

*Judgment affirmed.*